# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,        :        Case No. 3:08-cr-175

                              District Judge Thomas M. Rose
   -vs-                        Magistrate Judge Michael R. Merz
                      :

JEREMY E. LEWIS,

    Defendant.

## REPORT AND RECOMMENDATIONS

**Procedural Posture of the Motion**

This case is before the Court on Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No. 167).

This is a post-judgment motion referred to a magistrate judge under 28 U.S.C. § 636(b)(3) and therefore requiring a report and recommended decision.

The judgment sought to be reopened is Judge Rose's Decision and Order of August 26, 2011, denying Mr. Lewis' Motion to Vacate under 28 U.S.C. § 2255 on the grounds the Motion was barred by the one-year statute of limitations applicable to such motions since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").

The instant Motion is not prohibited as a second or successive § 2255 motion because it

1

seeks to correct what it claims is an error in the Court's prior judgment. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). The Court's consideration of this Motion is not barred by Mr. Lewis's having appealed from denial of a prior Fed. R. Civ. P. 60(b) motion because the Court of Appeals has denied a certificate of appealability in that proceeding. *Lewis v. United States*, Case No. 11-4110 (6th Cir. Jun. 6, 2012)(copy at Doc. No. 166.)

## Procedural History of the Case

Mr. Lewis pled guilty to a violation of 18 U.S.C. § 2113 (a), (d), and (e) as charged in Count 1 of the Indictment in this case. That Count charged him with armed bank robbery with forced accompaniment (Amended Plea Agreement, Doc. No. 100, ¶ 1, PageID 1065), in violation of 18 U.S.C. § 2113 (e) which reads:

> Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned for not less than ten years, or if death results shall be punished by death or life imprisonment.

When Mr. Lewis pled guilty, he admitted the truth of the following facts:

> On or about December 4, 2008, the defendant, **JEREMY E. LEWIS,** together with **JOHNNY B. WILKERSON aka "Johnny Wilkenson,"** and **TREY M. GETER,** aiding and abetting each other but led and organized by Lewis, robbed at gunpoint the Key Bank located at 4000 Linden Avenue, in Dayton, Ohio, which is within the Southern District of Ohio. At the time of the robbery, the Key Bank's deposits were insured by the Federal Deposit Insurance Corporation.
>
> On the morning of December 4, 2008, after agreeing to rob the Key Bank, Lewis, Wilkerson, and Geter entered the bank dressed in a manner to conceal their identity. Geter carried with him a loaded .45 caliber Taurus handgun, Model PT-145, Serial Number NYF93527. Upon entry to the bank, Geter fired the handgun for purposes of generally startling and gaining the attention and control of the

2

> customers and employees in the bank. Lewis and Geter then jumped the bank teller counter. Wilkerson remained in the lobby area. Lewis and Geter forced a teller - against her will - to accompany them to a separate area within the bank where additional cash was kept in a locked safe. Once there, the two ordered the teller to open the safe, which she was unable to do. In an effort to motivate the teller to open the safe, Geter fired the handgun once again, this time in close proximity to her, but the teller remained unable to open the safe. The firings of the handgun helped advance and were within the reasonably foreseeable scope of the agreement to rob the bank. Lewis and Geter returned to the lobby area of the bank, joined up with Wilkerson, and left the bank with over $7,000 cash.

(Amended Plea Agreement, Doc. No. 167, PageID 1073.) Upon his plea, Mr. Lewis was sentenced to the prison term he is now serving (Doc. Nos. 111, 112). A direct appeal to the Sixth Circuit was dismissed by that court *sua sponte* (Doc. No. 121). Mr. Lewis' Motion to Vacate under § 2255 followed (Doc. No. 124). The Court dismissed that Motion as untimely shortly after it was filed (doc. No. 127).

## Defendant's Argument

Mr. Lewis asserts the prior Decision and Order (Doc. No. 127) was in error because he is "entitled to equitable tolling through actual innocence." As authority for this proposition, he relies on *Souter v. Jones,* 395 F.3d 577 (6th Cir. 2005), where the Sixth Circuit held that Congress enacted the statute of limitations in the AEDPA "consistent with the *Schlup* [*v. Delo*] actual innocence exception."

The gravamen of Lewis' claim is that forcing the bank teller at gunpoint to accompany him and Geter from the teller counter to the vault does not constitute forced accompaniment within the meaning of 18 U.S.C. § 2213(e). He asserts that this section only applies to bank "robbers who take hostages out of the bank or in the bank kidnapping them." (Motion, Doc. No. 167, PageID 1426.) Lewis' argument is that what he actually did during the bank robbery does not constitute

3

"forced accompaniment" as required by 18 U.S.C. § 2213(e). Because he says this makes him "actually innocent" of forced accompaniment, his § 2255 Motion to Vacate was timely when filed on August 23, 2011.

**Analysis**

**1.  The facts on which Lewis relies are not "newly discovered" and do not bring him within the *Schlup* actual innocence gateway.**

All of the facts on which Mr. Lewis relies were known to him at the time he pled guilty. In the Statement of Facts attached to the Plea Agreement, he admitted factually that he accompanied the armed co-defendant Geter when they took the teller from her window to the vault. He now says those facts are insufficient for conviction, but they are in no sense "newly discovered" as required by *Schlup, supra.* Mr. Lewis has not discovered nor does he claim to have discovered any new evidence relating to this crime since he was convicted. He is not arguing now on the basis of "newly discovered evidence," but about the legal sufficiency of facts already of record when he pled.

The *Souter* court held:

> [I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ." Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The

4

> Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

*Id.* at 590. The Sixth Circuit has expressly held that the *Souter* exception does not apply when a petitioner's assertion of actual innocence is based solely on his interpretation of the law; new exculpatory evidence is required. *Ross v. Berghuis,* 417 F.3d 552, 555 (6th Cir. 2005).

**2.     The facts to which Lewis pled are sufficient for conviction.**

As noted above, the gravamen of Lewis' claim is that the acts he committed do not constitute forced accompaniment under § 2113(e).

The fundamental error in Lewis' citations of case law is that he relies on cases which did include a forcible hostage taking to prove that without such a taking there is no violation of § 2213(e). Lewis argues that "[i]n the Sixth Circuit, only robbers who took hostages to & from the bank has [sic] ever been charged with 2113(e) forced accompaniment, citing *United States v. Hunter,* 538 F.2d 1239 (6th Cir. 1976)(hostages taken); *United States v. Phillips*, 537 F.2d 97 (6th Cir. 1978)(bad citation); *United States v. Burnette*, 170 F.3d 567 (6th Cir. 1998)(hostages taken); *United States v. Smith*, 510 F.3d 603 (6th Cir. 2007)(hostages taken); and *United States v. Moore*, 688 F.2d 433 (6th Cir. 1982)(bank manager kidnapped).

5

Lewis relies on *United States v. Etheridge*, 424 F.2d 951 (6th Cir. 1970). In *Etheridge* the defendants argued that a murder committed after the bank robberies to silence a witness did not come within the statute and the Sixth Circuit held it did. There was no "forced accompaniment" charge in the case, but the Sixth Circuit did paraphrase the statute as intending to "make it a federal crime to kill or kidnap anyone in an attempt to escape arrest or imprisonment for bank robbery." *Id.* at 962. Lewis interprets this language as a Sixth Circuit "ruling" that "movement inside the bank has never been charged as 'forced accompaniment'." (Motion, Doc. No. 167, PageID 1426.)

Lewis next cites *Clark v. United States*, 281 F.2d 230 (10th Cir. 1960)(Murrah, J.[1]). Here again the word "kidnapping" is used to paraphrase the statutory "forcible accompaniment" language, but there is no holding in the case having to do with the meaning of those words. In *United States v. McGhee*, 488 F.2d 781 (5th Cir. 1974), the court held that an indictment alleging that the defendants forced one Barbara Pritchett to accompany them out of the bank they had robbed was **sufficient** to charge a violation of § 2213(e); it did not hold that taking her out of the bank was a **necessary** allegation. In *United States v. Jones,* 678 F.2d 102 (9th Cir. 1982), the § 2113(e) issue was a killing, not a forced accompaniment.

Lewis argues that the predecessor statute, 12 U.S.C. § 588c, was labeled "killing or kidnapping as incident to robbery," inferring from that label that the statute means the Government must prove a kidnapping to obtain a conviction.[2]

None of the cases cited by Lewis hold that a forcible accompaniment conviction requires more movement of the victim than Lewis admitted in this case. Moreover, his plea of guilty constitutes an admission that these facts are sufficient. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of

---

1 Judge Murrah is unfortunately immortalized by being the person for whom the Oklahoma City federal building destroyed by domestic terrorists on April 19, 1995, was named..
2 When the statute was moved from Title 12 in the codification of federal criminal law which occurred in 1948, the titles for the subsections were not carried over into Title 18.

a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

**3. Apart from the timeliness issue, Lewis' Motion to Vacate is barred by his Plea Agreement.**

The Plea Agreement expressly provides

> 15. Defendant waives the right to challenge his conviction and sentence, whether by direct appeal, habeas petition, or otherwise. This includes but is not limited to a waiver of the right under 18 U.S.C. § 3742 to appeal the sentence.

(Doc. No. 100, PageID 1071.) A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F. 3d 761, 763-64 (6th Cir. 2001).

## Conclusion

Based on the foregoing analysis, Mr. Lewis' Fed. R. Civ. P. 60(b) Motion is without merit and should be denied. He has not shown any newly-discovered evidence of actual innocence which would make his § 2255 Motion timely, he admitted in his Plea Agreement that the facts he now relies on were sufficient for conviction, and in any event he has waived his right to contest his conviction by § 2255 Motion to Vacate. Reasonable jurists would not disagree with these conclusions and Mr. Lewis should therefore be denied a certificate of appealability.

This Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

June 21, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).