# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,        :        Case No. 3:08-cr-175

                                      District Judge Thomas M. Rose
      -vs-                       Magistrate Judge Michael R. Merz
                              :

JEREMY E. LEWIS,

      Defendant.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion for a Certificate of Appealability from the Denial of his Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No. 178). In it he refers to his 60(b) Motion of November 30, 2012 (Doc. No. 177) which the Court denied by notation order on December 3, 2012.

On July 24, 2012, Judge Rose overruled Lewis' prior Rule 60(b) Motion (Doc. No. 167) and ruled that no certificate of appealability would be granted on that Motion (Doc. No. 174). Lewis appealed from that decision on August 16, 2012 (Doc. No. 176) and it appears that appeal is still pending.

The instant Motion is Mr. Lewis' reargument of the claim he has made before that he is actually innocent of the forced accompaniment charge to which he pled guilty. He claims that his actual innocence entitles him to equitable tolling of the one-year statute of limitations applicable to § 2255 Motions. He acknowledges that the Court of Appeals previously denied him a certificate of appealability on this very issue (Motion, Doc. No. 177, PageID 1488).

Having failed in his prior attempt to persuade the Court of Appeals to let him appeal on this issue, he should not be permitted to waste judicial resources on another merits analysis of this question.

The Motion should be denied as barred by the law of the case.

December 19, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).