# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,  :  Case No. 3:08-cr-175

              District Judge Thomas M. Rose
  - vs -          Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

      Defendant.  :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's "Rule 60(b) Motion for Equitable Tolling through 'Actual Innocence' of 18 U.S.C. § 2113(e) Forced Accompaniment" (Doc. No. 192).

**Procedural History**

This Court sentenced Lewis on March 19, 2010, pursuant to his guilty pleas (Doc. Nos. 111, 112). He appealed, but the Sixth Circuit dismissed the appeal as untimely. *United States v. Lewis*, 2010 U.S. App. LEXIS 27726 (6th Cir. Dec. 8, 2010)(Copy at Doc. No. 121). On August 23, 2011, Lewis filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 124). On August 27, 2011, Judge Rose dismissed the § 2255 Motion with prejudice as time-barred by the one year

statute of limitations (Doc. No. 127). On November 10, 2011, Lewis filed his first Rule 60(b) motion which was combined with a motion to amend to add a claim to the § 2255 Motion (Doc. No. 136). That motion was denied along with two other motions to amend (Doc. Nos. 147, 148, 151, 152). The Sixth Circuit then confirmed this Court's conclusion that the original § 2255 Motion was time barred. *Lewis v. United States*, 2012 U.S. App. LEXIS 26970 (6th Cir. May 23, 2012)(copy at Doc. No. 165).

On June 20, 2012, Lewis filed his second Rule 60(b) Motion, arguing for the first time that he was entitled to equitable tolling of the statute of limitations because he was actually innocent of the element of "forcible accompaniment" in § 2113(e) of which he had been convicted (Doc. No. 167). The Magistrate Judge recommended this Motion be denied on the merits for three reasons: (1) The facts on which Lewis relied were not newly discovered evidence, but were known as of the time of his guilty plea; (2) The facts to which Lewis pled were sufficient to satisfy the forced accompaniment element; and (3) Lewis had by his Plea Agreement waived his right to collaterally attack his conviction (Doc. No. 168). Over Lewis's Objections, Judge Rose adopted that Report and denied the second Rule 60(b) Motion (Doc. No. 174).

Lewis then, on November 30, 2012, filed his third 60(b) Motion, this one also based on his actual innocence argument (Doc. No. 177). The Magistrate Judge recommended denial and Judge Rose adopted that Report (Doc. Nos. 179, 180).

On July 11, 2013, Lewis filed his fourth Rule 60(b) Motion, again relying on the actual innocence argument previously made and which he acknowledged the Sixth Circuit had rejected in denying a certificate of appealability from the prior denial (Doc. No. 183). At the same time he moved to "voluntarily dismiss" his "prior" Rule 60(b) motion, without saying what motion he

2

was referring to (Doc. No. 184).  The Magistrate Judge recommended denying the fourth 60(b) motion essentially on a law of the case basis and the motion to "voluntarily dismiss" the prior Rule 60(b) motion because it had already been decided on the merits (Report, Doc. No. 185). That Report remains pending for decision by Judge Rose Lewis having objected (Doc. No. 187).

On September 6, 2013, Lewis filed two motions: (1) "Motion to Voluntarily Dismiss the Most Recently Filed Rule 60(b) and the fourth Rule 60(b) Motion (Doc. No. 189), and (2) the fifth Rule 60(b) Motion (Doc. No. 190).  Although these two were filed by the Clerk simultaneously, Doc. No. 189 recited that Lewis wanted to voluntarily dismiss the Rule 60(b) Motion he had filed "within the last three days."  The only motion that could possibly refer to was Doc. No. 190, so the Magistrate Judge ordered Doc. No. 190 to be deemed withdrawn (Order Doc. No. 191).

**Present Motion**

Now Lewis has filed his sixth Rule 60(b) Motion (Doc. No. 192), again arguing he is actually innocent of forced accompaniment and that this actual innocence entitled him to equitable tolling of the statute of limitations for his § 2255 Motion.

Lewis's current argument is:

> Although Mr. Lewis pled guilty to the discreet [sic] acts described in the indictment . . . he now wishes to argue that under . . . *Bousley v. United States*, 523 U.S. 614 (1998), that the conduct Mr. Lewis pled guilty to in his indictment on the 2113(e) forced accompaniment count does not constitute a violation of 2113(e) forced accompaniment, making Mr. Lewis actually innocent of violating the statue [sic], entitling Mr. Lewis to equitable tolling of the 2255 statute [sic] of limitations bar.

(Motion, Doc. No. 192, PageID 1570.)

This Motion should be denied because it is untimely. Motions under Fed. R. Civ. P. 60(b) must be brought within one year of the entry of the judgment from which relief is sought. Final judgment denying the Motion to Vacate was entered August 26, 2011, more than two years before the instant Motion was filed.

In the alternative, the Motion should be denied because it is without merit. This Court has already determined that the acts which Lewis admitted in the Statement of Facts are sufficient as a matter of law to constitute forced accompaniment and Lewis has been unable to obtain a certificate of appealability on that ruling.

As a second alternative, the Motion should be denied because the Motion to Vacate was barred in the first instance by Lewis's promise in the Plea Agreement not to bring a collateral attack on the judgment.

September 18, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

4

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).