# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :            Case No. 3:08-cr-175

                                           District Judge Thomas M. Rose
    -vs-                               Magistrate Judge Michael R. Merz

                              :

JEREMY E. LEWIS,

       Defendant.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT UNDER Fed. R. Civ. P. 60(d)

This case is before the Court on Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(d)(Doc. No. 197). That Rule provides that Fed. R. Civ. P. 60 in general does not limit a federal court's power to grant relief from judgment (1) in an independent action, (2) under 28 U.S.C. § 1655 to a defendant not personally notified of a case, or (3) for fraud on the court. Thus Rule 60(**d**) does not confer any power on a federal court to grant relief from judgment but instead provides that the Rule does not limit other sources of authority to grant relief.

Because Defendant is proceeding *pro se*, the Magistrate Judge will give him the benefit of a liberal construction of this pleading and read it as seeking relief under a rule which gives this Court authority to grant relief from judgment, to wit, Fed. R. Civ. P. 60(**b**). Defendant has brought numerous prior Rule 60(b) motions (See Doc. Nos. 167, 177, 183, 190, and 192). The instant motion seeks equitable tolling of the statute of limitations on filing a § 2255 motion to vacate because Mr. Lewis asserts he is "actually innocent" of violating 18 U.S.C. § 2113(e) which requires proof that a person committing the offense of bank robbery force a person to accompany

him without that person's consent.  As the Magistrate Judge has pointed out to Mr. Lewis on numerous prior occasions, he has admitted in open court under oath that "On the morning of December 4, 2008, . . .Lewis and Geter forced a teller – against her will – to accompany them to a separate area within the bank where additional cash was kept in a locked safe."  (Please Agreement, Doc. No. 97, PageID 1058).  Lewis says in the instant Motion that he does not challenge that part of the Statement of Facts (Doc. No. 197, PageID 1581).   Instead, he argues that the Indictment did not charge him with doing that act.

The Indictment alleges that on December 4, 2008, while committing a bank robbery and "further, in committing such offense, the defendants did force any person to accompany a defendant without the consent of such person."  As best the Magistrate Judge understands Lewis's current theory, it is that the Indictment does not charge an offense in the same words as the Statement of Facts admits or that forcing a bank teller to a bank vault in the course of committing a bank robbery does not constitute "forced accompaniment."  Both of those theories are unavailing. The Indictment charges an offense in the terms of the statute itself.  The facts admitted by Lewis come within the language of the statute.  That is, as the Court has previously held, forcing a bank teller to a bank vault during the course of a bank robbery is forced accompaniment within the meaning of 18 U.S.C. § 2113(e).  There is no requirement in law that an Indictment charge an offense in the exact language of a statement of facts later attached to a Plea Agreement.  All that is required is that the trial judge find, as Judge Rose did here, that the admitted facts are sufficient to support a finding of guilt.

Mr. Lewis has not demonstrated that he is actually innocent.  His Statement of Facts admits sufficient facts to find him guilty of the offense with which he was charged.  The instant Motion, like all of Mr. Lewis' prior motions for relief from judgment, should be denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate

of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

October 7, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).