# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                        District Judge Thomas M. Rose
  - vs -                          Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's "Rule 60(b)(4) Motion to Vacate for Lack of Subject Matter Jurisdiction Under Article III, Section 2, of the United States Constitution (Doc. No. 203).

**Procedural History**

This Court sentenced Lewis on March 19, 2010, pursuant to his guilty pleas (Doc. Nos. 111, 112). He appealed, but the Sixth Circuit dismissed the appeal as untimely. *United States v. Lewis*, 2010 U.S. App. LEXIS 27726 (6th Cir. Dec. 8, 2010)(Copy at Doc. No. 121). On August 23, 2011, Lewis filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 124). On August 27, 2011, Judge Rose dismissed the § 2255 Motion with prejudice as time-barred by the one year

statute of limitations (Doc. No. 127). On November 10, 2011, Lewis filed his first Rule 60(b) motion which was combined with a motion to amend to add a claim to the § 2255 Motion (Doc. No. 136). That motion was denied along with two other motions to amend (Doc. Nos. 147, 148, 151, 152). The Sixth Circuit then confirmed this Court's conclusion that the original § 2255 Motion was time barred. *Lewis v. United States*, 2012 U.S. App. LEXIS 26970 (6th Cir. May 23, 2012)(copy at Doc. No. 165).

On June 20, 2012, Lewis filed his second Rule 60(b) Motion, arguing for the first time that he was entitled to equitable tolling of the statute of limitations because he was actually innocent of the element of "forcible accompaniment" in § 2113(e) of which he had been convicted (Doc. No. 167). The Magistrate Judge recommended this Motion be denied on the merits for three reasons: (1) The facts on which Lewis relied were not newly discovered evidence, but were known as of the time of his guilty plea; (2) The facts to which Lewis pled were sufficient to satisfy the forced accompaniment element; and (3) Lewis had by his Plea Agreement waived his right to collaterally attack his conviction (Doc. No. 168). Over Lewis's Objections, Judge Rose adopted that Report and denied the second Rule 60(b) Motion (Doc. No. 174).

Lewis then, on November 30, 2012, filed his third 60(b) Motion, this one also based on his actual innocence argument (Doc. No. 177). The Magistrate Judge recommended denial and Judge Rose adopted that Report (Doc. Nos. 179, 180).

On July 11, 2013, Lewis filed his fourth Rule 60(b) Motion, again relying on the actual innocence argument previously made and which he acknowledged the Sixth Circuit had rejected in denying a certificate of appealability from the prior denial (Doc. No. 183). At the same time he moved to "voluntarily dismiss" his "prior" Rule 60(b) motion, without saying what motion he

2

was referring to (Doc. No. 184). The Magistrate Judge recommended denying the fourth 60(b) motion essentially on a law of the case basis and the motion to "voluntarily dismiss" the prior Rule 60(b) motion because it had already been decided on the merits (Report, Doc. No. 185). That Report remains pending for decision by Judge Rose Lewis having objected (Doc. No. 187).

On September 6, 2013, Lewis filed two motions: (1) "Motion to Voluntarily Dismiss the Most Recently Filed Rule 60(b) and the fourth Rule 60(b) Motion (Doc. No. 189), and (2) the fifth Rule 60(b) Motion (Doc. No. 190). Although these two were filed by the Clerk simultaneously, Doc. No. 189 recited that Lewis wanted to voluntarily dismiss the Rule 60(b) Motion he had filed "within the last three days." The only motion that could possibly refer to was Doc. No. 190, so the Magistrate Judge ordered Doc. No. 190 to be deemed withdrawn (Order Doc. No. 191).

On September 17, 2013, Lewis filed his sixth Rule 60(b) Motion (Doc. No. 192), again arguing he is actually innocent of forced accompaniment and that this actual innocence entitled him to equitable tolling of the statute of limitations for his § 2255 Motion. Judge Rose denied that Motion on September 24, 2013 (Doc. No. 194) and Lewis has appealed (Doc. No. 199). On October 4, 2013, Lewis filed a motion for relief from judgment under Fed. R. Civ. P. 60(d)(Doc. No. 197). Judge Rose denied that motion on November 1, 2013 (Doc. No. 202).

**Present Motion**

Lewis has now filed his seventh Rule 60(b) Motion (Doc. No. 203). He claims that this Court's underlying criminal judgment is void for lack of subject matter jurisdiction. *Id.* at PageID 1615.

3

Because this case is presently on appeal to the Sixth Circuit, the District Court's authority is limited to deferring or denying the Motion or indicating to the Court of Appeals that it would grant the motion if the case were remanded. Fed. R. Civ. P. 62.1.

Fed. R. Civ. P. 60 applies only to civil cases and Lewis cites no authority for its application in a criminal case. He relies in part on *In re G.A.D., Inc.,* 340 F.3d 331 (6th Cir. 2003), but that was a civil case. *United States v. Adesida,* 129 F.3d 846 (6th Cir. 1997), however, permits a defendant to raise lack of subject matter jurisdiction at any time by motion under Fed. R. Crim. P. 12(b)(2). The Court will construe Lewis' Motion as made under Rule 12(b)(2).

Lewis acknowledges that, to succeed, he must establish that the face of the indictment fails to charge the element of a federal offense. (Motion, Doc. No. 203, PageID 1617, citing *United States v. Corp*, 668 F.3d 379 (6th Cir. 2011).) Count One of the Indictment alleges

> On or about December 4, 2008, in the Southern District of Ohio, the defendants, JEREMY E. LEWIS, JOHNNY B. WILKERSON, aka "Johnny Wilkerson", and TREY M. GETER, by force and violence and by intimidation. did take and attempt to take from the person and presence of another, money belonging to and in the care, custody, control, management, and possession of the Key Bank, located at 4000 Linden Avenue, in Dayton, Ohio, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, and in committing and in attempting to commit such offense, the defendants did assault and put in jeopardy the life of any person by the use of a dangerous weapon, namely, a firearm; and further, in committing such offense, the defendants did force any person to accompany a defendant without the consent of such person.
>
> In violation of Title 18, United States Code, §§ 2113(a), (d), and (e).

(Doc. No. 10, PageID 80-81.) The relevant statute provides:

**§ 2113.  Bank robbery and incidental crimes**

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--

Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

Thus Count One of the Indictment plainly alleges each and every **element** required under 18 U.S.C. § 2113(a), (d), and (e).

Lewis claims, however, that this indictment in the words of the statute is inadequate because it "lacks any allagations [sic] or facts or circumstances as to what Mr. Lewis done [sic]

5

to constitute this 2113(e) crime, thus leaving our a crucial & fundamental element of anypersons [sic] indictment, state or federal." (Motion, Doc. No. 203, PageID 1617-18.) Lewis relies on *United States v. McAuliffe*, 490 F. 3d 526 (6th Cir. 2007). In that case the court of appeals held:

> We review the sufficiency of an indictment de novo. An indictment is generally sufficient if it "fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished." *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005) (internal citation and quotation marks omitted). In particular, the indictment must: (1) "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]" and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *Id.* at 413 (internal citation omitted). "An indictment will usually be sufficient if it states the offense using the words of the statute itself, as long as the statute fully and unambiguously states all the elements of the offense." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992). However, the recitation of statutory language "'must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged.'" *Id.* (quoting *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974)).

*Id.* at 531. *McAuliffe* was not, however, a case involving review of an indictment for lack of subject matter jurisdiction, but rather for whether the indictment stated a criminal offense. Lewis has already fully litigated his claim that the Indictment here is insufficient for failing to plead sufficient facts. This was Ground Two of his original Motion to Vacate under 28 U.S.C. § 2255. That Ground for Relief reads:

> The indictment on the 2113(e) count is defective because it does not allege facts Mr. Lewis done [sic] to commit the crime. It only parrots the exact language of the statute, [and] therefore it does not state a federal offense.

(§ 2255 Motion, Doc. No. 124, PageID 1185).  That claim, which is not a jurisdictional claim, was already dismissed with prejudice (Doc. No. 127).

Because Lewis' instant Motion is without merit, it should be denied.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 4, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).