# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-175

                                    District Judge Thomas M. Rose
- vs -                             Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's second Rule 60(b)(4) Motion to Vacate for Lack of Subject Matter Jurisdiction (Doc. No. 208).

This is Lewis' eighth motion for relief from judgment under Rule 60(b).  His most recent 60(b) motion was denied over his objections on May 5, 2014 (Doc. No. 206).  Mr. Lewis claims he has not received a copy of that decision and the docket does not reflect that he was sent one. He also indicates that he is now housed at the United States Penitentiary in Beaumont, Texas, but he has not previously sent the Court a change of address.

The Clerk is accordingly ORDERED to:

1. Change Lewis' address on the docket, and

2. Send Lewis a copy of Judge Rose's Order at Doc. No. 206.

1

In his seventh Motion for Relief from Judgment, Lewis contended that this Court did not have subject matter jurisdiction of the charge against him under 18 U.S.C. § 2113. The Magistrate Judge found that the indictment properly alleged that offense in the words of the statute and that that was sufficient. Lewis claimed the Indictment did not alleged sufficient facts and the Magistrate Judge noted that claim had been fully litigated as Ground Two of Lewis' initial Motion to Vacate. The Magistrate Judge's Report and Recommendations on Lewis' seventh motion were adopted by Judge Rose as noted above.

In the present Motion, Lewis makes the same argument he has made before – insufficient facts in the indictment – but now relies on newly-cited authority, *United States v. Gatewood*, 173 F.3d 983 (6th Cir. 1999). Gatewood was prosecuted under 18 U.S.C. § 1001 for making a false statement, to wit, that he had paid his subcontractors in full. The actual statement he made was that he had "paid the subcontractors." He had in fact made partial payment, so the statement on which he was indicted was not literally false, one of the required elements of a § 1001 conviction.

For the sufficiency of the indictment rule, the Sixth Circuit relied on *Hamling v. United States*, 418 U.S. 87 (1974). There the Supreme Court held:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner* v. *United States*, 285 U.S. 427 (1932); *United States* v. *Debrow*, 346 U.S. 374 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *United States* v. *Carll*, 105 U.S. 611, 612 (1882). "Undoubtedly the language of the statute may be used in the general description of an offence, but it

2

> must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged."
> *United States* v. *Hess*, 124 U.S. 483, 487 (1888).

*Id.* at 117. The indictment in this case does allege all of the elements of a violation of 18 U.S.C. § 2113(e) and in particular the forceful accompaniment element.

In *Gatewod* the court also held there was insufficient evidence of a false statement. That issue has also been previously resolved in this case.

Finally, nothing in *Gatewood* suggests that an insufficient indictment deprives the trial court of jurisdiction. Under federal law, subject matter jurisdiction it means "the courts' statutory or constitutional *power* to adjudicate the case," *United States v. Cotton,* 535 U.S. 625 (2002), *citing Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998). In Cotton, the Supreme Court rejected the older view that an insufficient indictment deprives the trial court of jurisdiction which had been its previous view in *Ex parte Bain,* 121 U.S. 1 (1887).

Lewis also relies on *United States v. Adesida*, 129 F.3d 846 (6th Cir. 1997). The *Adesida* court did hold that "[i]f an indictment does not charge a cognizable federal offense, then a federal court lacks jurisdiction to try a defendant for violation of the offense." *Id.* at 850. However, *Adesida* was decided five years before the Supreme Court's decision in Cotton and is therefore no longer good law on this point. Moreover, this Court has already held that the indictment here does state a federal offense.

**Conclusion**

It is accordingly recommended that Lewis' eighth Motion for Relief from Judgment under Fed. R. Civ. P. 60 be denied. Because reasonable jurists would not disagree with this

3

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

August 18, 2104.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).