# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                      District Judge Thomas M. Rose
-  vs  -                            Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON MOTION TO REOPEN APPEAL TIME

       This case is before the Court on Defendant Lewis's Motion to Reopen Time to File an Appeal (Doc. No. 210).

       Fed. R. App. P. 4(a)(6) provides that a district court may reopen the time to file an appeal provided the moving party did not receive notice of the entry of judgment within 21 days after entry and the motion for leave is filed not later than 14 days after the moving party receives notice of the judgment. Reopening is discretionary, not mandatory upon fulfillment of the conditions.

       The docket does not show that the Entry and Order (Doc. No. 206) overruling Lewis's 60(b)(4) motion (Doc. No. 203) was sent to him when it was entered. The docket does show that a copy was sent on August 18, 2014. Lewis's Motion to Reopen does not state when he received a copy of the Entry and Order, but his instant Motion was not filed until the 21st day after a copy

1

was sent to him. Lewis has not shown that he satisfies the fourteen days limit on filing a motion to reopen after receiving notice of a judgment.

Moreover, even if Lewis did show he meets that deadline, the Court should not reopen the time to appeal because the Court has already determined that any appeal would be objectively frivolous. In part this is because it was Lewis' seventh Rule 60(b) motion, attempting to relitigate issues already decided against him and on which he did not appeal.

Because any appeal would be objectively frivolous, this Court should not exercise its discretion to allow an appeal and probably burden the court of appeals with at least a certificate of appealability decision and an *in forma pauperis* decision.

September 9, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).