# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175
                                            Related case 3:11-cv-299

                                            District Judge Thomas M. Rose
   -  vs  -                           Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS ON MOTION TO VACATE VOID JUDGMENT

This case is before the Court on Defendant Lewis's Motion to Vacate Void Judgment pursuant to Fed. R. Civ. P. 60(b)(4)(ECF No. 222). Lewis moves the Court to vacate ""all post-conviction denials' because the Court's Orders were 'void,' in 'violation of due process,' and the Court 'lacked subject matter jurisdiction' to adjudicate Mr. Lewis's rights, on Mr. Lewis's 2255 and all other petitions." *Id.* at PageID 1695.

As a post-judgment motion, the instant matter is deemed referred to the Magistrate Judge for report and recommendations under 28 U.S.C. § 636(b)(3). Because the Motion questions the prior judgment of this Court, rather than the underlying criminal conviction, the Court has jurisdiction to decide it, rather than transferring it to the Court of Appeals. *Gonzalez v. Crosby,* 545 U.S. 524 (2005).

1

**Procedural History**

Lewis filed his § 2255 Motion August 23, 2011 (ECF No. 124).  The Motion was denied and Lewis appealed (ECF Nos. 127, 135).  The Sixth Circuit denied Lewis a certificate of appealability (ECF Nos. 165, 166).  On June 20, 2012, Lewis filed a Motion to vacate the judgment dismissing the § 2255 motion on a claim of equitable tolling of the statute of limitations (ECF No. 167).  Judge Rose denied relief, Lewis appealed, and the Sixth Circuit again denied a certificate of appealability (ECF Nos. 174, 176, 182).  Lewis filed a number of 60(b) motions which he then withdrew, but then filed motion for relief from judgment under Fed. R. Civ. P. 60(d)(ECF No. 197) which judge Rose denied (ECF No. 202).  On April 2, 2014, Lewis filed a motion for relief from judgment under Fed. R. Civ. P. 60(b)(4) for lack of subject matter jurisdiction (ECF No. 203).  Judge Rose denied relief (ECF No. 206).  Lewis then filed another 60(b)(4) motion (ECF No. 208), which the Court counted as his eighth.  Judge Rose denied relief, Lewis appealed, and the Sixth Circuit denied a certificate of appealability (ECF Nos. 208, 214, 221.)  Now, six months later, Lewis has filed his ninth motion for relief from judgment.

# Analysis

Lewis's instant Motion attacks not the underlying criminal judgment upon which he is confined, but all of this Court's post-conviction judgments.  His theory of why those judgments are void for lack of subject matter jurisdiction is that Amended Plea Agreement of December 11,

2

2009 (ECF No. 100) is defective in form. He asserts that Section 17 of that document had to have been signed anew but instead has the dates of the original Plea Agreement of December 7, 2009 (ECF No. 97).

The record reflects that Judge Rose held a hearing on December 11, 2009, regarding a mistake that had been made in the original Plea Agreement regarding the maximum sentence (Transcript, ECF No. 101). Mr. Lewis was present with Aaron Durden, his stand-by counsel at that time. Although an entirely new plea agreement document was not prepared, Lewis initialed the change at PageID 1066. Thus the Amended Plea Agreement is not defective as to form. Moreover, if it had been defective as to form and that somehow created an error, that error was fully available for direct appeal. Lewis appealed but the Sixth Circuit dismissed the appeal as untimely. *United States v. Lewis,* Case No. 10-3911 (6th Cir. Dec. 8, 2010)(unreported, copy at ECF No. 121, PageID 1151).

Even if the Plea Agreement had been defective as to form, that would not have deprived this Court of subject matter jurisdiction over the criminal offense of which Lewis was convicted. And even if this Court had not had jurisdiction to enter the final judgment of conviction, that would not deprive it of jurisdiction to declare that its final judgment was void for lack of jurisdiction. In what other court could a motion to vacate the final judgment be made?

**Conclusion**

Lewis's ninth Motion for Relief from Judgment is utterly without colorable merit. It should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit

3

that any appeal would be objectively frivolous and therefore should not be permitted to proceed

*in forma pauperis*.

November 18, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).