# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:08-cr-175
                                              Civil Case No. 3:11-cv-299

                                                District Judge Thomas M. Rose
-  vs  -                                    Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.     :

## TRANSFER ORDER

This case is before the Court on Defendant's "Rule 60(b) Actual Innocence Motion" (ECF No. 224).

Lewis has filed nine prior motions for relief from judgment under Fed. R. Civ. P. 60(b) (See procedural history account at ECF No. 223). The Magistrate judge found the Court had jurisdiction over Lewis' most recent 60(b) motion because it was an attack on the judgment dismissing the Motion to Vacate under 28 U.S.C. § 2255, rather than an attack on the underlying judgment (See Report and Recommendations, ECF No. 223). Therefore it was found exempt from the bar on second or successive § 2255 motions under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), *Id.*

The instant Motion in contrast challenges the underlying conviction; Lewis claims he should not have been convicted, despite his guilty plea, because he is actually innocent of the

1

violation of 18 U.S.C. § 924(c) made in Count 2 of the Indictment.  On its face their appears to be a stand-alone actual innocence claim which is not cognizable in habeas corpus.  *Herrera v. Collins*, 506 U.S. 390, 408-11 (1993).  However, because this Motion constitutes a second or successive § 2255 motion, this Court does not have jurisdiction to decide it.  *Burton v. Stewart*, 549 U.S. 147 (2007).  ).  If a purported motion for relief from judgment attacks the conviction rather than the district court's judgment, it must be transferred to the circuit court for permission to file.  *United States v. Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Therefore, the instant Motion (ECF No. 224) is ordered TRANSFERRED by the Clerk to the Sixth Circuit Court of Appeals for a determination of whether Lewis may proceed in this Court.

December 4, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
