# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-175

                                       District Judge Thomas M. Rose
  - vs -                           Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's "Rule 60(b)(4) Motion to Vacate for Due Process Violation (Doc. No. 230). This is Mr. Lewis's eleventh motion for relief from the judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255.

In the instant Motion, Lewis claims he was denied due process of law when the Court did not issue an order to show cause why his Motion to Vacate was not untimely, a procedure he claims is commanded by *Day v. McDonough*, 547 U.S. 198 (2006).

In *Day* the Supreme Court held a district court could *sua sponte* raise a statute of limitations issue and dismiss a case on that basis, provided the parties have "fair notice and an opportunity to present their positions." *Id.* at 210. The docket reflects that Lewis filed his Motion to Vacate (ECF No. 124) along with a Motion for Recusal of Judge Rose (ECF No. 126) on August 23, 2011. Judge Rose denied recusal and dismissed the § 2255 Motion on August 26,

2011 (ECF No. 127). Lewis filed a a Motion for Certificate of Appealability in which he argued the merits of the limitations issue, but made no complaint that he had not been given an opportunity to present that position before judgment (ECF No. 132, PageID 1286-87). On November 1, 2011, however, Lewis filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b) raising the issue of whether he had been given a fair opportunity to respond to the limitations issue (ECF No. 136, PageID 1298-99). Judge Rose denied that Motion by notation order. Lewis then sought a certificate of appealability as to the denial (ECF No. 137). In recommending denial of a certificate, the Magistrate Judge that Lewis relied on an overbroad reading of Day, supra, and that his suggested calculation of the limitations period was not correct (Report and Recommendations, ECF No. 141). Judge Rose overruled Lewis's objections and adopted the Report on February 10, 2012, denying Lewis a certificate of appealability as to this Order (ECF No. 156). The Sixth Circuit also denied a certificate of appealability. *Lewis v. United States*, No. 12-3315 (6th Cir. May 23, 2012)(unreported, copy at ECF No. 165).

Lewis subsequently filed another Fed. R. Civ. P. 60(b) motion claiming equitable tolling through actual innocence (ECF No. 167) with the same ultimate result. *Lewis v. United States,* No. 12-4085 (6th Cir. Jun. 26, 2013)(unreported, copy at ECF No. 182). Since then Lewis has repeatedly sought the same relief (ECF Nos. 190, 192, 197, 208, 224). All have been unsuccessful.

Because the issue Mr. Lewis raises in his instant Motion has been repeatedly adjudicated against him, it is respectfully recommended that the Motion be denied based on the law of the case.

January 27, 2016,

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).