# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                    District Judge Thomas M. Rose
   -  vs  -                            Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's "Rule 60(b)(4) Motion to Vacate for Due Process Violation (Doc. No. 230). This is Mr. Lewis's eleventh motion for relief from the judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255. The Magistrate Judge filed a Report and Recommendations recommending the Motion be denied (the "Report," ECF No. 231). Lewis filed Objections (ECF No. 232) and Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 233).

In the instant Rule 60(b)(4) Motion, Lewis claims he was denied due process of law when the Court did not issue an order to show cause why his Motion to Vacate was not untimely, a procedure he claims is commanded by *Day v. McDonough*, 547 U.S. 198 (2006). The Magistrate Judge concluded that Lewis had repeatedly raised this issue and been denied relief (Report, ECF

No. 231, PageID 1725).  It was therefore recommended the instant Motion be denied based on the law of the case. *Id.*

Lewis objects "The issue in Mr. Lewis's Rule 60(b)(4) due process violation has 'never' been raised in this Court in Mr. Lewis's 2255 or in any of Mr. Lewis's Rule 60(b) filings in this case." (Objections, ECF No. 232, PageID 1726.

Almost 100 pleadings ago, Lewis filed a Rule 60(b) Motion in which he claimed that, under *Day v. McDonough*, 547 U.S. 198 (2006), he was entitled to more notice and a fuller opportunity to present his argument on timeliness than the Court gave him. (Motion, ECF No. 136, PageID 1299.)  As the Report notes, that Motion was denied, this Court denied a certificate of appealability on the issue, and the Sixth Circuit did as well (Report, ECF No. 231, PageID 1724).

As the Report shows by citation to the specific filings where it happened, Lewis sought the same relief he seeks today on the same basis in November 2011.  He lost then.  The law of the case commands that he lose now.

It is again respectfully recommended that the Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4)(ECF No. 230) be DENIED.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 12, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).