# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                       District Judge Thomas M. Rose
-  vs  -                              Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.     :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant Lewis's Objections (ECF No. 237) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 234). Judge Rose has recommitted the matter for reconsideration in light of Lewis's Objections (Recommittal Order, ECF No. 239).

The Motion before the Court on which two prior Reports have been filed is Lewis' eleventh motion for relief from the judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255. In the Motion, Lewis claims he was denied due process of law when the Court did not issue an order to him to show cause why his Motion to Vacate was not untimely before dismissing the Motion on statute of limitations grounds, a procedure he claims is commanded by *Day v. McDonough*, 547 U.S. 198 (2006).

1

Lewis' Motion to Vacate was filed and dismissed *sua sponte* for untimeliness in August 2011.  Lewis did not seek to appeal the lack of notice and an opportunity to be heard.  He first raised that claim in a Rule 60(b) motion in November 2011.  The Magistrate Judge recommended denying a certificate of appealability from the denial both on Lewis' overbroad reading of *Day* and on the merits of the limitations issue (ECF No. 141).  Both Judge Rose and the Sixth Circuit denied a certificate of appealability on that issue (ECF No. 156 and *Lewis v. United States*, No. 12-3315 (6th Cir. May 23, 2012)(unreported, copy at ECF No. 165).  Since that time Lewis has repeatedly sought and been denied relief from judgment (ECF Nos. 190, 192, 197, 208, 224).  On that basis, the two prior Reports on the instant Motion recommend denial on the basis of the law of the case.

In his current Objections, Lewis argues he comes within an exception to the law of the case doctrine.  Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.  *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993).  "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005).  The purpose of the doctrine is twofold:  (1) to prevent the continued litigation of settled issues; and (2) to assure compliance by inferior courts with the decisions of superior courts.  *United States v. Todd*, 920 F.2d 399 (6th Cir. 1990), *citing* Moore's Federal Practice.

Lewis relies on Moored, supra, for the proposition that the law of the case doctrine does not bar reopening if there is a "subsequent contrary view [of the law] by a controlling authority." (Objections, ECF No. 237, PageID 1752.) Lewis accurately cites Moored. See 38 F.3d at 1421, quoting *Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir.), *cert. denied*, 414 U.S. 859, 38 L. Ed. 2d 110, 94 S. Ct. 71 (1973).

Furthermore, Lewis correctly cites *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015), for the proposition that before a district court dismisses a Motion to Vacate under 28 U.S.C. § 2255, it should give the defendant notice of its intention to do so and an opportunity to show that the motion is timely made.

That process was not followed in this case because *Day* does not on its face command that procedure and *Shelton* was not handed down until more than four years after the Motion to Vacate was dismissed[1]. *Shelton* does not hold that the notice procedure is required by the Constitution or is to be applied retroactively to cases already closed long before it was handed down.

Moreover, reopening the judgment to give Lewis another chance to argue the timeliness of his 2255 Motion would be pointless. Lewis already made his argument on that claim in his Motion for Certificate of Appealability in December 2011 (ECF No. 137). The Court thoroughly considered that argument on its merits and found it wanting (ECF No. 141, 144, 155). Lewis has offered no new argument as to why that decision was wrong, he was unable to persuade the Sixth Circuit to allow him to appeal, and it is now more than four years and another ten motions for relief from judgment later.

Lewis' eleventh Motion for Relief from Judgment should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of

---

[1] The Motion to Vacate was dismissed August 26, 2011; Shelton was decided September 2, 2015.

3

appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 2, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).