IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:08-cr-175 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| JEREMY E. LEWIS, | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER OVERRULING DEFENDANT'S OBJECTIONS (DOCS. 232, 237, 244, 245) TO THE REPORT AND RECOMMENDATIONS (DOC. 231), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 234), AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 240) AND ADOPTING THOSE REPORTS AND RECOMMENDATIONS IN THEIR ENTIRETY; DENYING THE MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(4) (DOC. 230); OVERRULING DEFENDANT'S OBJECTIONS (DOC. 243) AND AFFIRMING THE ORDER REGARDING PROPOSED ACTION IN EQUITY (DOC. 238); AND TERMINATING CASE**
_____

This case is before the Court on Defendant's Objections (Docs. 232, 237, 244, 245) to the Magistrate Judge's Report and Recommendations (Doc. 231), Supplemental Report and Recommendations (Doc. 234), and Second Supplemental Report and Recommendations (Doc. 240), and Defendant's Objections (Doc. 243) to the Magistrate Judge's Order Regarding Proposed Independent Action in Equity (Doc. 238).

**I.      THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS**

In each of the Reports and Recommendations, the Magistrate Judge recommended that the Court deny Defendant's motion for relief (Doc. 230) from the judgment dismissing his motion to vacate under 28 U.S.C. § 2255. As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Upon said

review, the Court finds that the Defendant's Objections (Docs. 232, 237, 244, 245) to the Magistrate Judge's Report and Recommendations (Doc. 231), Supplemental Report and Recommendations (Doc. 234), and Second Supplemental Report and Recommendations (Doc. 240) are not well taken and they are hereby **OVERRULED**.

The Court **ADOPTS** the Reports and Recommendations (Docs. 231, 234, 240) in their entirety and **DENIES** Defendant's motion for relief from judgment (Doc. 230) (titled "Rule 60(b)(4) Motion to Vacate for (1) Due Process Violation"). As reasonable jurists would not disagree with this conclusion, Defendant is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore Defendant should not be permitted to proceed *in forma pauperis*.

## II.  ORDER REGARDING PROPOSED INDEPENDENT ACTION IN EQUITY

In the Order Regarding Proposed Independent Action in Equity (Doc. 238), the Magistrate Judge denied Defendant's "Motion to Amend Rule 60(b)(4) Due Process Violation Motion and Have the Motion Alternatively Brought as a Rule 60(d) Independent Action in Equity in its Characterization" ("Motion to Amend") (Doc. 236), without prejudice to refiling the motion as an independent action. The Magistrate Judge explained:

> If Mr. Lewis truly wishes to file an "independent" action under Fed. R. Civ. P. 60(d), then he must in fact do just that: File a new lawsuit seeking relief under Fed. R. Civ. P. 60(d), either with payment of a filing fee or an application for leave to proceed *in forma pauperis*. He cites no authority, and none is known to this Court, for bringing an "independent" Rule 60(d) action "inside" an already existing case.

(Doc. 238 at 1.)

Defendant's Motion to Amend (Doc. 236) is a non-dispositive matter within the decisional authority of the Magistrate Judge, subject to appeal to the District Judge. Fed. R. Civ. P. 72(a).

On appeal, the District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

In his Objections, Defendant asserts that "[p]etitioners can and have invoked numerous grounds of Rule 60 in litigation inside one case and has received rulings on the merits of each ground invoked." (Doc. 243 at 2 (citing *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 938 (6th Cir. 2013); *McCurry v. Adventist Health System*, 298 F.3d 586 (6th Cir. 2002).) This assertion, even if accepted as a general matter, does not show that the Magistrate Judge's Order is clearly erroneous or contrary to law. The question is whether Defendant is entitled to bring an "independent" action in equity under Rule 60(d) in an already existing case. The *Bridgeport* and *McCurry* cases cited by Defendant do not address that question. As this Court remains unaware of any authority that would entitle Defendant to bring an independent action under Rule 60(d) in this case, Defendant's Objections (Doc. 243) are **OVERRULED** and the Order Regarding Proposed Independent Action in Equity (Doc. 238) is **AFFIRMED**.

The Clerk is **ORDERED** to terminate this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, May 5, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
