# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

              Plaintiff,       :      Case No. 3:08-cr-175

                                                   District Judge Thomas M. Rose
   -  vs  -                         Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

              Defendant.       :

---

# REPORT AND RECOMMENDATIONS ON TWELFTH MOTION
# FOR RELIEF FROM JUDGMENT

---

This case is before the Court on Defendant's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(Doc. No. 266). This is Mr. Lewis's twelfth motion for relief from the judgment of this Court denying his Motion to Vacate under 28 U.S.C. § 2255.

In a Second Supplemental Report on Mr. Lewis's eleventh Rule 60 motion, the magistrate Judge noted:

> The Motion before the Court on which two prior Reports have been filed is Lewis' eleventh motion for relief from the judgment dismissing his Motion to Vacate under 28 U.S.C. § 2255. In the Motion, Lewis claims he was denied due process of law when the Court did not issue an order to him to show cause why his Motion to Vacate was not untimely before dismissing the Motion on statute of limitations grounds, a procedure he claims is commanded by *Day v. McDonough*, 547 U.S. 198 (2006).

Lewis' Motion to Vacate was filed and dismissed *sua sponte* for untimeliness in August 2011. Lewis did not seek to appeal the lack of notice and an opportunity to be heard. He first raised that claim in a Rule 60(b) motion in November 2011. The Magistrate Judge recommended denying a certificate of appealability from the denial both on Lewis' overbroad reading of *Day* and on the merits of the limitations issue (ECF No. 141). Both Judge Rose and the Sixth Circuit denied a certificate of appealability on that issue (ECF No. 156 and *Lewis v. United States*, No. 12-3315 (6th Cir. May 23, 2012)(unreported, copy at ECF No. 165). Since that time Lewis has repeatedly sought and been denied relief from judgment (ECF Nos. 190, 192, 197, 208, 224). On that basis, the two prior Reports on the instant Motion recommend denial on the basis of the law of the case.

(ECF No. 240).

To avoid another denial on the basis of the law of the case doctrine, Mr. Lewis relies on *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 197 L. Ed. 2d 1 (2017). He asserts that Buck holds "that the District Courts must not be the same judge to issue the C.O.A. [certificate of appealability] in the same motion as he decided on the merits," (ECF No. 266, PageID 1891).

In *Buck* the Supreme Court held that when a **court of appeals** decides the certificate of appealability question on the basis of and only after deciding the merits of the case, it "is in essence deciding an appeal without jurisdiction." 137 S.Ct. at 773, quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

Moreover, in considering Lewis's most recent appeal, the Sixth Circuit did not commit the error identified in *Buck.* Instead, it decided the certificate of appealability issue without reaching the merits. *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar. 23, 2017)(unreported; copy at ECF No. 263, PageID 1812-14).

Lewis, of course, does not argue error in the court of appeals, but that this Court erred, in violation of the *Buck* decision, by deciding the merits and the certificate of appealability question by the same judge who decided the merits.

*Buck* was handed down February 22, 2017. This Court is unaware of any prior holding by the United States Supreme Court that a court of appeals could not pretermit the certificate of appealability analysis and deny a certificate because the appeal would lack merit. This ruling in *Buck* is therefore a new rule which is not applicable to cases on collateral review. *Teague v. Lane*, 489 U.S. 288 (1989).

But even assuming Buck were to be applied to cases on collateral review, it does not in any way hold that a different judge must decide the merits and the certificate of appealability question. Rather, it holds that a court of appeals must decide the appealability question before it reaches the merits of a habeas or § 2255 case.

This Court, of course, also decided the certificate of appealability question. Although 28 U.S.C. § 2253 on its face assigns certificate of appealability questions to the circuit courts, those courts have held since shortly after the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was enacted that the initial decision on appealability certificates is to be made by the district courts. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997)(adopting analysis in *Lozada v. United States,* 107 F.3d 1011, 1017 (2nd Cir. 1997). To reinforce that order of proceeding, the Supreme Court has included the requirement that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings.

While the statute or the Rules Governing § 2255 Proceedings could provide for a decision on appealability to be made in the first instance by a different District Judge from the judge who

decided the merits of the Motion to Vacate, they do not do so. *Buck* does not suggest any different outcome.

It is therefore respectfully recommended that the instant Motion for Relief from Judgement be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 30, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).