# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:08-cr-175

                      District Judge Thomas M. Rose
- vs -               Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

        Defendant.    :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Amend Rule 60(b)(4) Lack of Subject Matter Jurisdiction Motion (ECF No. 278).

Lewis's argument is that the Sixth Circuit lacked jurisdiction "to decide the merits of his appeal before it decided the C.O.A. [certificate of appealability] question." (ECF No. 278, PageID 1912). The Sixth Circuit decision complained of is *Lewis v. United States,* Case No. 16-4077 (6th Cir. Mar. 23, 2017)(unreported; copy at ECF No. 263).

Lewis misreads the Sixth Circuit's decision. It did indeed find that any error in this Court's *sua sponte* dismissal of Lewis's January 2016 60(b) motion was harmless because Lewis had already been heard multiple times on his timeliness, equitable tolling, and actual innocence arguments. It concluded, "[t]hus reasonable jurists would not debate the district court's denial of Lewis's Rule 60(b)(4) motion." *Id.* at PageID 1814. Thus the Court of Appeals did precisely

1

what 28 U.S.C. § 2244(b) commands: it decided that this Court's disposition of Lewis's January 2016 60(b) motion was not "debatable among reasonable jurists."

There is a more fundamental problem with Lewis's instant Motion: he appears to ask this Court to vacate the final decision of the Court of Appeals on the grounds that court lacked jurisdiction to decide his certificate of appealability motion as it did. But this Court has no power to vacate a judgment of the Court of Appeals. Lewis's remedy if he believed that Court acted without jurisdiction was to seek a writ of certiorari from the United States Supreme Court, the only court with authority to review a final judgment of a United States circuit court of appeals. However, a petition for certiorari must be filed within ninety days of judgment in a court of appeals. Lewis's time to file a petition for certiorari expired on June 21, 2017.

Accordingly, it is respectfully recommended that the instant Motion (ECF No. 278), Lewis's fourteenth motion for relief from judgment, be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 1, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).