# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 3:08-cr-175

                                      District Judge Thomas M. Rose
  - vs -                        Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's purported "Rule 60(d)(1) Independant [sic] Action, Actual Innocence" (ECF No. 282). It constitutes Lewis's fifteenth request for relief from judgment under Fed. R. Civ. P. 60.

Fed. R. Civ. P. 60(d) does not authorize an action to relieve a party from a judgment. Instead, it provides that Fed. R. Civ. P. 60 does not limit a federal "court's power to: (1) entertain an independent action to relieve a party from a judgment, or, or proceeding."

Lewis's instant filing should be dismissed for a number of reasons.

In the first place, his filing is not an "independent" action, but a paper filed in his criminal case, *United States v. Lewis*, Case No. 3:08-cr-175. An "independent" action would be a separate new civil case. Of course, as a prisoner within the meaning of the Prison Litigation Act, Lewis would be required to pay the full filing fee for such an action.

1

Second, an independent action is not available to vacate a federal criminal judgment. The sole remedy to achieve that result, aside from direct appeal, is a motion to vacate sentence under 28 U.S.C. § 2255. Because Lewis has already filed one such motion (ECF No. 124), he must obtain permission from the Sixth Circuit Court of Appeals before filing another.

Third, his claim is without merit. Mr. Lewis has many times argued that the facts to which he pled guilty (ECF No. 100, PageID 1073-74) are insufficient to support his conviction. This Court has repeatedly rejected that argument. The new case on which he relies, *Whitfield v. United States*, 135 S. Ct. 785 (2015), expressly held that 18 U.S.C. § 2113(e) was satisfied by forced movement of any distance, even if entirely within the same building or over a short distance.

It is therefore respectfully recommended that the instant Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 12, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate

Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).