# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-175

                                      District Judge Thomas M. Rose
- vs -                             Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

    This case is before the Court on Defendant's purported "Rule 60(d)(1) Independent Action in Equity" to set aside this Court's judgment of August 26, 2011, dismissing Lewis's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 291). It constitutes Lewis's sixteenth request for relief from judgment under Fed. R. Civ. P. 60.

    Lewis's instant filing should be dismissed for a number of reasons.

    In the first place, his filing is not an "independent" action, but a paper filed in his criminal case, *United States v. Lewis*, Case No. 3:08-cr-175. An "independent" action would be a separate new civil case. The Magistrate Judge has previously pointed this out to Mr. Lewis and indeed ordered the Clerk to provide him with the necessary forms for filing an independent action (ECF No. 288). Instead of filing an "independent" civil action with the required motion for leave to proceed *in forma pauperis*, Lewis has filed the instant paper in his criminal case.

Instead of moving to proceed in this "independent" action *in forma pauperis*, Lewis argues that the Prison Litigation Reform Act does not apply to habeas corpus or § 2255 actions. That is the state of the law in the Sixth Circuit with respect to those two kinds of actions. *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). But if this is an action under § 2255, then it faces the obstacle of requiring permission from the circuit court before it can proceed, because it is plainly a second or successive 2255 motion. *Kincade* does not exempt "independent actions under Rule 60(d)(1)" from the PLRA.

The second reason to deny the instant Motion is that, as the Court has previously held, an action under Fed. R. Civ. P. 60(d)(1) is not available to vacate a federal criminal judgment (See Report and Recommendations, ECF No. 284, PageID 1933). That Report has been adopted by the District Court over Lewis's objections (ECF No. 290). In his instant Motion, he argues the Sixth Circuit has allowed such a motion. (ECF No. 291, PageID 1948, citing *Mitchell v. Rees*, 651 F3d 593 (6th Cir. 2011). *Mitchell* allowed that under very limited circumstances, an independent action in equity might be available to correct a decision in a § 2254 habeas corpus case, which is civil in nature. But nothing Lewis has cited and nothing stated in *Mitchell* suggests that such an independent action in equity is available to set aside the criminal judgment of a United States District Court.

Even if an independent action in equity were available to reform a federal criminal judgment, Lewis has not shown his entitlement to such relief under the standards set forth in *Mitchell*. In the first place, Lewis has tried fifteen times before to vacate the judgment in question, using the subdivisions of Fed. R. Civ. P. 60(b). Secondly, and more importantly, he has not shown a grave miscarriage of justice or actual innocence: the case on which he relies, *Whitfield v. United States*, 135 S. Ct. 785 (2015), expressly held that 18 U.S.C. § 2113(e) was satisfied by forced

movement of any distance, even if entirely within the same building or over a short distance. The Court already adopted this application of Whitfield in response to Mr. Lewis's fifteenth motion for relief from judgment (Report, ECF No. 284, PageID 1933).

It is therefore respectfully recommended that the instant Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

February 12, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).

Of course, as a prisoner within the meaning of the Prison Litigation Act, Lewis would be required to pay the full filing fee for such an action.

Second, an independent action is not available to vacate a federal criminal judgment. The sole remedy to achieve that result, aside from direct appeal, is a motion to vacate sentence under 28 U.S.C. § 2255. Because Lewis has already filed one such motion (ECF No. 124), he must obtain permission from the Sixth Circuit Court of Appeals before filing another.

Third, his claim is without merit. Mr. Lewis has many times argued that the facts to which he pled guilty (ECF No. 100, PageID 1073-74) are insufficient to support his conviction. This Court has repeatedly rejected that argument. The new case on which he relies, *Whitfield v. United States*, 135 S. Ct. 785 (2015), expressly held that 18 U.S.C. § 2113(e) was satisfied by forced movement of any distance, even if entirely within the same building or over a short distance.

It is therefore respectfully recommended that the instant Motion be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 12, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record

at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).