# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                                    District Judge Thomas M. Rose
  - vs -                                  Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

     This case is before the Court on Defendant's 17th Motion for Relief from Judgment, this time brought under Fed. R. Civ. P. 60(b)(1) for legal error (ECF No. 293).

     The instant Motion "attacks" the Sixth Circuit's March 23, 2017, Order in *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar. 23, 2017)(unreported; copy at ECF No. 263). As Mr. Lewis has been advised before, this Court does not have authority to vacate, set aside, or ignore a decision of the circuit court of appeals. Apparently trying to avoid that problem, Lewis asserts we have authority to vacate our own judgment of August 26, 2011, dismissing Lewis's § 2255 proceeding (ECF No. 127), relying on *Standard Oil Co. v. United States*, 429 U.S. 17 (1976).

     In *Standard Oil* the Supreme Court abolished the practice of requiring a litigant in a case that had been reviewed on appeal, to obtain leave of the appellate court to entertain a motion for relief from judgment. The Court wrote:

> In our view, the arguments in favor of requiring appellate leave are unpersuasive. Like the original district court judgment, the appellate mandate relates to the record and issues then before the court, and does not purport to deal with possible later events. Hence, the district judge is not flouting the mandate by acting on the motion. See 11 C. Wright & A. Miller, Federal Practice and Procedure § 2873, pp. 269-270 (1973). Cf. *SEC* v. *Advance Growth Capital Corp.,* 539 F. 2d 649, 650 (CA7 1976). Furthermore, the interest in finality is no more impaired in this situation than in any Rule 60(b) proceeding. Finally, we have confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions. Indeed, the trial court "is in a much better position to pass upon the issues presented in a motion pursuant to Rule 60(b)," *Wilkin* v. *Sunbeam Corp.,* 405 F. 2d 165, 166 (CA10 1968). Accord, *Wilson Research Corp.* v. *Piolite Plastics Corp.,* 336 F. 2d 303, 305 (CA1 1964); 11 Wright & Miller, *supra,* at 269.
>
> The appellate-leave requirement adds to the delay and expense of litigation and also burdens the increasingly scarce time of the federal appellate courts. We see no reason to continue the existence of this "unnecessary and undesirable clog on the proceedings," *S. C. Johnson & Son, Inc.* v. *Johnson,* 175 F. 2d 176, 184 (CA2 1949) (Clark, J., dissenting). We therefore deny the motion to recall because the District Court may take appropriate action without this Court's leave.

429 U.S. at 18-19.

This Court has not attempted to enforce the long-abolished appellate-leave requirement on Lewis. In fact, the Court has entertained on the merits each of Lewis's prior sixteen Fed. R. Civ. P. 60(b) or (d) motions.

But there is an important difference between the pre-authorization which the appellate-leave requirement demanded and the law of the case doctrine.

Lewis asserts the law of the case doctrine does not bar reconsideration of the dismissal in this case because the Sixth Circuit's March 23, 2017, decision is contrary to prior published Sixth Circuit precedent, to wit, *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). In entering it

2

Order of March 23, 2017, the Sixth Circuit noted that Lewis had cited *Shelton*, but decided that nonetheless the decision of this Court rejecting Lewis' claim of lack of appropriate notice under *Day v. McDonough* and *Shelton* was not debatable among reasonable jurists and it therefore denied Lewis a certificate of appealability. This Court considered and rejected the applicability of *Shelton* in rejecting Lewis's eleventh Motion for Relief from Judgment:

> *Shelton* was not handed down until more than four years after the Motion to Vacate was dismissed1. *Shelton* does not hold that the notice procedure is required by the Constitution or is to be applied retroactively to cases already closed long before it was handed down.

(Report, ECF No. 240, PageID 1759, adopted at ECF No. 247.)

The Magistrate Judge agrees with Lewis that this Court does not need circuit court permission to consider the instant Motion. But it is the law of this case, confirmed by the Sixth Circuit, that *Shelton* does not require us to reopen the judgment of August 26, 2011.

**Conclusion**

In *Standard Oil* the Supreme Court expressed its confidence in the ability of District Courts to "recognize frivolous Rule 60(b) motions." This is just such a motion and it should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a

3

certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 1, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).