# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:08-cr-175

                                                 District Judge Thomas M. Rose
  - vs -                               Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's 17th Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(1) for legal error (ECF No. 293). The Magistrate Judge has recommended denying the Motion ("Report," ECF No. 295), Lewis has filed Objections (ECF No. 299), and Judge Rose has recommitted the Motion for reconsideration in light of the Objections (ECF No. 300).

      Although Lewis brought this 17th Motion for Relief under Fed. R. Civ. P. 60(b)(1), his Objections largely rely on Fed. R. Civ. P. 60(b)(4) which allows a district court to vacate a prior judgment which is "void."

      Lewis previously brought a motion to vacate the judgment in question under Fed. R. Civ. P. 60(b)(4) on April 2, 2014 (ECF No. 203). Judge Rose denied that motion on the Magistrate Judge's recommendation and over Lewis's Objections (See ECF Nos. 204, 205, 206). Lewis did

1

not appeal. Lewis again moved to dismissed under Fed. R. Civ. P. 60(b)(4) on August 15, 2014 (ECF No. 208). Judge Rose denied that motion on the Magistrate Judge's recommendation and over Lewis's Objections (See ECF Nos. 209, 211, 214). This time Lewis did appeal (ECF No. 216), but the Sixth Circuit denied him a certificate of appealability. *Lewis v. United States*, Case No. 14-4169 (6th Cir. May 6, 2015)(unreported; copy at ECF No. 221).

Lewis moved a third time to vacate under Fed. R. Civ. P. 60(b)(4) on November 17, 2015 (ECF No. 222). Judge Rose denied the motion on the Magistrate Judge's recommendation when Lewis filed no objections to that recommendation (See ECF No. 223, 226). Lewis moved a fourth time to vacate under Fed. R. Civ. P. 60(b)(4)(ECF No. 230). Judge Rose denied the motion (ECF No. 247) and Lewis again appealed (ECF No. 255). The Sixth Circuit again denied a certificate of appealability. *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar. 23, 2017)(unreported; copy at ECF No. 263). Lewis filed another Fed. R. Civ. P. 60(b)(4) motion on October 30, 2017 (ECF No. 268) but withdrew it before it was ruled on. His next 60(b)(4) motion was filed November 20, 2017 (ECF No. 276 & 278) which Judge Rose denied in January 2018 (ECF No. 290). Lewis took no appeal, but filed the instant motion on February 28, 2018.

Lewis argues this Court's Judgment of August 26, 2011, is "void" and a "legal nullity." (Objections, ECF No. 299, PageID 1978). Why? Because, according to Lewis, it dismissed his § 2255 Motion to Vacate on statute of limitations grounds without giving him an opportunity to be heard. In support of the claim that the Judgement is void on that basis, Lewis relies on *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010); *Northridge Church v. Charter Twp. Of Plymouth*, 647 F.3d 606 (6th Cir. 2011); *Gillispie v. Warden*, London Corr. Inst., 771 F. 3d 323 (6th Cir. 2014); and the Sixth Circuit unpublished decision of March 23, 2017, in this case.

Although Fed. R. Civ. P. 60(b)(4) was at issue in *Gillispie*, the Sixth Circuit expressly found that the order of this Court sought to be vacated under that Rule was in fact not void at the time it was entered. 771 F.3d at 327. In *Espinoa* the Supreme Court refused to vacate a judgment as void even though the bankruptcy court had not served a summons on a creditor. In *Northridge Church*, the Sixth Circuit held that a consent judgment between a church and a zoning authority was not void for violating the Religious Land Use and Institutionalized Persons Act. The church had made that claim and the court said "[t]his contention is plainly incorrect." 647 F.3d at 610. The court quoted *Espinosa* for the proposition that a judgment is not void "simply because it is or may be erroneous." Thus none of the cases cited by Lewis found a judgment to be void and therefore to be vacated under Fed. R. Civ. P. 60(b)(4); they all merely contain general language discussing that rule. Lewis has not presented any authority finding a denial of a § 2255 motion to be void because the Court did not give prior notice and an opportunity to respond on a *sua sponte* statute of limitations decision. As the case law cited by Lewis shows, even if it was in error, that does not make it void.

Lewis is gravely mistaken when he argues this Court has authority to correct, modify, vacate, or otherwise disturb the Sixth Circuit's decision of March 23, 2017. Errors by a United States Court of Appeals can only be corrected by the court that made the error or by the Supreme Court.

**Caution under Fed. R. Civ. P. 11**

Effective December 1, 1993, Fed. R. Civ. P. 11 was amended to read:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Sanctions are appropriate when a party "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

The Magistrate Judge believes Mr. Lewis has now been told respectfully but repeatedly, by this Court and the Sixth Circuit, that he is not entitled to relief from this Court's judgment dismissing his § 2255 Motion. Further filings attempting to obtain relief from that judgment will be dealt with under Rule 11.

March 22, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).