# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, : | Case No. 3:08-cr-175 | |
| | District Judge Thomas M. Rose | |
| - vs - | Magistrate Judge Michael R. Merz | |
| JEREMY E. LEWIS, | | |
| Defendant. : | | |

## REPORT AND RECOMMENDATIONS; ORDER TO SHOW CAUSE

This case is before the Court on Defendant's 18th Motion for Relief from Judgment, this time under Fed. R. Civ. P. 60(b)(6)(ECF No. 304). Lewis claims he is actually innocent of the crime of which he was convicted. Lewis presents no new facts to support that claim and no new case law construing the statute under which he was convicted.

On the same date as the 18th Motion, Lewis filed a Notice of Appeal (ECF No. 303) to the Sixth Circuit from Judge Rose's March 8, 2018, Entry denying Lewis's "Rule 60(d)(1) Independent Action in Equity." (ECF No. 296). Ordinarily a Notice of Appeal deprives a district court of jurisdiction to take further action in a case. However, Fed. R. Civ. P. Rule 62.1 provides

> (a) Relief Pending Appeal. If a timely motion is made for relief that
> the court lacks authority to grant because of an appeal that has been
> docketed and is pending, the court may:
>   (1) defer considering the motion;
>   (2) deny the motion; or

1

> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Thus despite the Notice of Appeal, this Court has jurisdiction to deny the instant Motion.

The Magistrate Judge also notes that Judge Rose denied Lewis a certificate of appealability and leave to appeal *in forma pauperis* (ECF No. 296). Since Lewis has appealed anyway, he must pay the appellate filing fee or obtain permission to appeal *in forma pauperis* from the Sixth Circuit. He must also seek a certificate of service from the Court of Appeals.

Lewis's Motion should be denied. His actual innocence argument has been heard and denied many times on the merits, as the Sixth Circuit has found. *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar 23, 2017)(unpublished; copy at ECF No. 263)("A review of the record reveals that Lewis has had multiple opportunities to present his timeliness, equitable tolling, and actual innocence arguments to the district court. In addition, Lewis has received a determination on the merits as to each.") The lack of merit in Lewis's actual innocence claim is the law of the case and the instant Motion should be denied on that basis.

As part of the Supplemental Report and Recommendations recommending denial of Lewis's 17th Motion for Relief from Judgment, the Magistrate Judge notified Lewis of the provisions of Fed. R. Civ. P. 11 and warned him

> The Magistrate Judge believes Mr. Lewis has now been told respectfully but repeatedly, by this Court and the Sixth Circuit, that he is not entitled to relief from this Court's judgment dismissing his § 2255 Motion. Further filings attempting to obtain relief from that judgment will be dealt with under Rule 11.

(ECF No. 301, PageID 1988). Lewis has failed to heed that warning and has filed yet another frivolous motion for relief from judgment.

Accordingly, Lewis is hereby ORDERED pursuant to Fed. R. Civ. P. 11(c)(3) to show cause in writing not later than April 19, 2018, why the Court should not impose a monetary sanction on him for filing the instant Motion for Relief from Judgment.

April 10, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).