# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 3:08-cr-175 |
| Plaintiff, : | |
| : | District Judge Thomas M. Rose |
| - vs - : | Magistrate Judge Michael R. Merz |
| : | |
| JEREMY E. LEWIS, : | |
| : | |
| Defendant. : | |

**DECISION AND ORDER OVERRULING OBJECTIONS (DOCS. 299, 309); ADOPTING REPORT AND RECOMMENDATIONS (DOC. 295), SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. 301), AND REPORT AND RECOMMENDATIONS; ORDER TO SHOW CAUSE (DOC. 305); DENYING SEVENTEENTH AND EIGHTEENTH MOTIONS FOR RELIEF FROM JUDGMENT (DOCS. 293, 304 (AS SUPPLEMENTED BY DOC. 312)); AND DENYING MOTION DENYING PLENARY JURISDICTION TO MAGISTRATE JUDGE (DOC. 310) AND MOTION FOR PERMENANT [SIC] INJUNCTION UNDER FED. R. CIV. P. 65 (DOC. 311)**

**The Seventeenth Motion for Relief from Judgment**

This criminal case is before the Court on Defendant's 17th Motion for Relief from Judgment, brought under Fed. R. Civ. P. 60(b)(1)(ECF No. 293). The Magistrate Judge recommended denying the Motion based on the law of the case, to wit, the Sixth Circuit's denial

1

to Lewis of a certificate of appealability on his claims under *Day v. McDonough*, 547 U.S. 198 (2006 and *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015)(Report, ECF No. 295, citing *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar. 23, 2017)(unreported; copy at ECF No. 263)). Lewis objected (ECF No. 299), the Court recommitted the matter (ECF No. 300), the Magistrate Judge filed a Supplemental Report (ECF No. 301), and Lewis filed Supplemental Objections (ECF No. 307) which the Magistrate Judge struck as untimely filed (ECF No. 308).

Having reviewed the Report *de novo* as required by Fed. R. Civ. P. 72(b)(3), the Court concurs with and adopts the Magistrate Judge's recommendation as filed. Lewis's 17th Motion for Relief from Judgment is DENIED on the basis of the law of the case cited by the Magistrate Judge. Because reasonable jurists would not disagree with this conclusion, Lewis is DENIED a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

**The Eighteenth Motion for Relief from Judgment**

The case is also before the Court on Lewis' 18th Motion for Relief from Judgment, this time under Fed. R. Civ. P. 60(b)(6)(ECF No. 304). Although this claim is already made in the Motion as filed, Lewis has also moved to supplement and add a claim to this Motion (Motion, ECF No. 312).

Lewis claims he is actually innocent of the crime of which he was convicted because (a) the Indictment does not contain the language about forced accompaniment included in the statement of facts in support of the plea (ECF No. 304, PageID 1996) and (b) because the

Indictment does not state an offense under 18 U.S.C. § 2113(a) because it does not name the person who was subjected to the forced accompaniment (ECF No. 312, PageID 2025-26)

As the Report notes, Lewis's actual innocence argument has been heard and denied many times on the merits, as the Sixth Circuit has found. *Lewis v. United States*, Case No. 16-4077 (6th Cir. Mar 23, 2017)(unpublished; copy at ECF No. 263)("A review of the record reveals that Lewis has had multiple opportunities to present his timeliness, equitable tolling, and actual innocence arguments to the district court. In addition, Lewis has received a determination on the merits as to each.") The lack of merit in Lewis's actual innocence claim is also the law of the case and the Report recommends denying Lewis's 18th Motion for Relief from Judgment on that basis (Report, ECF No. 305, PageID 1999). Lewis has filed timely Objections to the Report (ECF No. 309).

Having reviewed the matter *de novo* as required by Fed. R. Civ. P. 72(b)(3), the Court OVERRULES the Objections and ADOPTS the recommendation in the Report. Lewis's "actual innocence" Motion for Relief from Judgment (ECF No. 304 as supplemented by ECF No. 312) is DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

**Sanctions Under Fed. R. Civ. P. 11**

### Mr. Lewis's Position

As part of the Supplemental Report and Recommendations recommending denial of Lewis's 17th Motion for Relief from Judgment, the Magistrate Judge notified Lewis of the provisions of Fed. R. Civ. P. 11 and warned him

> The Magistrate Judge believes Mr. Lewis has now been told respectfully but repeatedly, by this Court and the Sixth Circuit, that he is not entitled to relief from this Court's judgment dismissing his § 2255 Motion. Further filings attempting to obtain relief from that judgment will be dealt with under Rule 11.

(ECF No. 301, PageID 1988). Lewis failed to heed that warning and filed yet another frivolous motion for relief from judgment, his Eighteenth. Therefore, along with his Report on the 18th Motion, the Magistrate Judge ordered Lewis to show cause in writing not later than April 19, 2018, why the Court should not impose a monetary sanction pursuant to Fed. R. Civ. P. 11(c)(3) for filing the Eighteenth Motion for Relief from Judgment (Order to Show Cause, ECF No. 305, PageID 2000.) Lewis responded in his Objections, but also in his Motion Denying Plenary Jurisdiction to the Magistrate Judge (ECF No. 310) and his Motion for Permanent Injunction (ECF No. 311). The Court construes these Motions (ECF Nos. 310, 311) as responses to the Order to Show Cause, and DENIES them to the extent they might be considered motions for any additional relief.

In his Motion Denying Plenary Jurisdiction, Lewis correctly notes that imposing a sanction under Fed. R. Civ. P. 11 is the functional equivalent of ruling on a dispositive motion (ECF No. 310, PageID 2023, citing *Bennett v. General Caster Service of N. Gordon Co., Inc.*, 976 F.2d 995

(6th Cir. 1992)(*per curiam*). However, Magistrate Judge Merz has not purported to impose Rule 11 sanctions, but has merely ordered Lewis to show cause why they should not be imposed, a matter ultimately reserved for the District Judge.

In his Motion for Permanent Injunction, Lewis seeks to have the Court "restrain the Magistrate Judge back to his place of lawful authority in these proceedings given to him under [28 U.S.C. §] 636(b)(1)(b)." ECF No. 311, PageID 2024. Lewis argues the Magistrate Judge had no authority to issue a Rule 11 show cause order because neither the Court not Assistant United States Attorney Vipal Patel has issued such an order. *Id.*

In that portion of his Objections responding to the Show Cause Order (ECF No. 309, PageID 2019-21), Lewis makes no effort to show cause why he should not be sanctioned except to repeat his arguments on the merits and ask the Court to strike the Report and require the Magistrate Judge to refile the Report and discuss the "specific allegations in Mr. Lewis's indictment." *Id.* at PageID 2021.

## Analysis

Lewis's motions for relief from judgment in this case became Magistrate Judge Merz's responsibility pursuant to this Court's General Order DAY 13-01 which provides in pertinent part

> **Referral of Cases by Category**
>
> Pursuant to 28 U.S.C. §636(b), the following categories of cases filed at the Dayton location of court are referred by this Order to the United States Magistrate Judge to whom the case has been assigned who is authorized to perform in each such case any and all functions authorized for full-time United States Magistrate Judges by statute. In each such case the Magistrate Judge shall proceed in accordance with Fed. R. Civ. P. 72. . . .

> **6. Post-Conviction Relief:** All cases collaterally attacking a criminal judgment, including without limitation those filed under 28 U.S.C. §§2241, 2254, or 2255. All such cases shall be assigned and are referred by this Order to Magistrate Judge Merz.

The Dayton General Order of Assignment and Reference was amended to its present form to refer post-conviction relief cases exclusively to Magistrate Judge Merz on May 30, 2013. Prior to that, such cases were assigned to any one of the three Magistrate Judge's at Dayton. Lewis's Motion to Vacate under 28 U.S.C. § 2255 was initially referred to Magistrate Judge Newman, but transferred to Magistrate Judge Merz December 22, 2011 (ECF No. 139). General Order DAY 13-01 permits Magistrate Judges to transfer cases among themselves for any reason, but particularly to balance the workload.

When a Magistrate Judge is assigned and referred a case, she or he has authority to manage that case generally, including entering any appropriate orders that are not dispositive. In § 2255 cases this includes routine scheduling and discovery orders, but can also include more substantive matters, such as taking evidence in an evidentiary hearing. In situations where the Court is authorized to act on its own motion, Magistrate Judge case management authority includes the power to order a party to show cause why he or she should not be sanctioned.

Effective December 1, 1993, Fed. R. Civ. P. 11 was amended to read:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The standard of conduct imposed on parties and attorneys by amended Rule 11 is reasonableness under the circumstances. *INVST Financial Group v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 401 (6th Cir. 1987); *See also Business Guides, Inc., v. Chromatic Communications Enterprises, Inc.*, 498 U.S. 533 (1991); *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987); *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). The court must test the signer's conduct by inquiring what was reasonable to believe at the time of signing, and must avoid using the "wisdom of hindsight." *Mann v. G&G Mfg., Inc.*, 900 F.2d 953 (6th Cir. 1990); *Century Products, Inc., v. Sutter*, 837 F.2d 247 (6th Cir. 1988); *INVST, supra*, at 401; *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988). The Rule includes both a duty to investigate the facts, *Albright v. Upjohn,* 788 F.2d 1217 (6th Cir. 1986), and the law, *INVST, supra*, at 402.

Sanctions are appropriate when a person "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

For almost seven years, this Court has patiently dealt with Lewis's attempts to overturn his conviction. It has dealt on the merits with each motion he has filed, explaining why he is not

entitled to relief. On several occasions the Sixth Circuit Court of Appeals has done the same thing. At some point refiling the same arguments becomes an abuse of the judicial process and Lewis has reached that point.

In imposing sentence in this case, the Court did not impose a fine, in part because Lewis owed $1711.00 in restitution and was otherwise indigent. Imposing a fine that remains unpaid is unlikely to deter Lewis. The Court finds the proper sanction in this case is to deny Lewis any further opportunity to waste judicial time on his repeated arguments. Accordingly, Lewis is ORDERED not to file any further motions to obtain relief from judgment in this case and the Magistrate Judge is ordered to strike any such attempts without preparing a report and recommendations.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, April 26, 2018.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE