# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175

                                        District Judge Thomas M. Rose
- vs -                              Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate the Court's Rule 11 Sanctions Order (ECF No. 322).

Lewis claims that there is a miscarriage of justice exception to Rule 11 sanctions orders and that "Supreme Court and Sixth Circuit precedent firmly establishes that federal courts can 'never shut its [sic] doors" to "a man alleging an actual innocence claim," *Id.* at PageID 2060, citing *Penney v. United States*, 870 F.3d 459 (6th Cir. 2017), and *Phillips v. United States*, 734 F.3d 573 (6th Cir. 2013).

*Penney* does not speak to Fed. R. Civ. P. 11 at all. Instead, it holds that the time limits for a motion for relief from judgment under Fed. R. Civ. P. 60 are not jurisdictional, but are subject to an actual innocence or miscarriage of justice exception. *Phillips* also does not speak to Rule 11.

1

And in both cases the Court of Appeals denied relief because no showing of actual innocence had been made.

This Court's denial of Lewis's many motions for relief from judgment has not been based on their being untimely, but on their lack of merit and their repetitiveness. This Court and the Court of Appeals have repeatedly considered Lewis' actual innocence claim and found it to be completely without merit.

Lewis' Motion to Vacate the Sanctions Order should be DENIED.

May 15, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).