# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,    :    Case No. 3:08-cr-175

                                      District Judge Thomas M. Rose
   -vs-                          Magistrate Judge Michael R. Merz
                            :

JEREMY E. LEWIS,

      Defendant.

## ORDER GRANTING CONSOLIDATION OF MOTIONS;
## REPORT AND RECOMMENDATIONS

On Motion of the Defendant (ECF No. 372) and for good cause shown, Defendant's pending Motions for Relief (ECF Nos. 351 and 368) are CONSOLIDATED for decision.

**The Pending Motions**

In the first of the two consolidated Motions, Lewis sought relief from the Court's Decision and Order of April 26, 2018 (the "Sanctions Order," ECF No. 313).  In that Order Judge Rose imposed on Lewis a sanction under Fed.R.Civ.P. 11 based on Lewis's abuse of the judicial process.  The sanction is "Lewis is ORDERED not to file any further motions to obtain relief from judgment in this case and the Magistrate Judge is ordered to strike any such attempts without preparing a report and recommendations." *Id.* at PageID 2035.  Lewis appealed but also filed his Motion captioned "Rule 60(b)(6) Motion to Vacate Sanction Order under the

'Miscarriage of Justice' Exception" (ECF No. 313).  The Magistrate Judge recommended deferring a ruling on that Motion pending decision of the pending appeals (R&R, ECF No. 352). Judge Rose adopted that recommendation over Lewis's objection (ECF No. 354).  On February 24, 2020, the Sixth Circuit dismissed the appeal for lack of jurisdiction (*Lewis v. United States,* Case Nos. 18-3434/3643/3645 (6th Cir. Feb. 24, 2020)(unreported; copy at ECF No. 356).

In the second of the pending Motions, Lewis sought relief from the sanctions order under the First Amendment (ECF No. 370).  The Magistrate Judge struck that Motion pursuant to the Sanctions Order (ECF No. 370).  Lewis made no objection within the time allowed by law. However, he did file his Consolidation Motion (ECF No. 372).

**Miscarriage of Justice Motion**

Because the Sixth Circuit dismissed Lewis's appeal, this Court again has jurisdiction to consider Lewis's "Miscarriage of Justice" Motion (ECF No. 351) on its merits.  Having considered the Motion, the Magistrate Judge finds that it is yet another attempt to have the underlying judgment in this case vacated on a theory of actual innocence that has previously been adjudicated by this Court.  It is thus Lewis's Nineteenth Motion for Relief from judgment, brought without any permission from the Sixth Circuit under 28 U.S.C. § 2244(b).  Rather than transfer it to the Sixth Circuit, the Magistrate Judge finds that it falls squarely within the Sanctions Order and is hereby STRICKEN.  The Sanctions Order itself does not include any actual innocence claim exception nor is it required to do so.

**First Amendment Motion**

In the second of the two consolidated Motions, Lewis seeks relief from the Sanctions Order on the ground that it violates the First Amendment to the United States Constitution. While the Magistrate Judge previously struck this Motion under the Sanctions Order, it now appears appropriate to address it on the merits because it attacks the Sanctions Order rather than the underlying judgment.

Lewis is correct that access to the courts is a right protected by the First Amendment. *Bounds v. Smith,* 430 U.S. 817 (1977).  But that does not mean a litigant must be granted an unlimited number of opportunities to present the same claim.  The Supreme Court has permanently barred vexatious litigants from proceeding *in forma pauperis*, for example.  *In re Sassower,* 510 U.S. 4 (1993).  The doctrine of *res judicata* bars a litigant from presenting the same claim twice.

Federal courts in subsequent litigation are obliged to give prior state court judgments the same effect those judgments would be given in the courts of the rendering State, including that they bar relitigation of a claim.  28 U.S.C. §1738, *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373 (1985);  *Migra v. Warren City School District Board of Edn.,* 465 U.S. 75 (1984);  *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461 (1982); *Trafalgar Corp. v. Miami County,* 519 F.3d 285 (6th Cir. 2008), citing *Hamilton's Bogarts, Inc. v. State of Michigan*, 501 F.3d 644, 650 (6th Cir. 2007); *Gutierrez v. Lynch*, 826 F.2d 1534 (6th Cir. 1987); *McNasby v. Crown Cork and Seal Co., Inc.,* 888 F.2d 270 (3d Cir. 1989).

Ohio's vexatious litigator statute, Ohio Revised Code § 2323.52, is constitutional under the federal Constitution as against due process, right of access, and equal protection claims.  *Hall*

*v. Callahan*, 727 F.3d 450 (6th Cir. 2013), relying on *Grundstein v. Ohio*, 2006 U.S. Dist. LEXIS 87880 (N.D. Ohio 2006).

Lewis's re-filing of the same or very similar claims has made him a vexatious litigator. That determination underlies the Sanctions Order. It is not unconstitutional and should be kept in place.

August 21, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.