IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff, : Case No. 3:08-cr-175
             Also 3:11-cv-299

             District Judge Thomas M. Rose
 - vs -          Magistrate Judge Michael R. Merz

JEREMY LEWIS,

      Defendant. :

## DECISION AND ORDER

    This § 2255 case is before the Court on the Magistrate Judge's Report and Recommendations of August 21, 2020, recommending that Defendant's pending Motions for Relief from Judgment (ECF Nos. 351 and 368) be consolidated and denied (ECF No. 374). The Report notified Defendant of the deadline to file objections. *Id.* at PageID 2291). That deadline has expired and Defendant has filed no objections. Accordingly, the Report is adopted and the Motions for Relief from Judgment docketed at ECF Nos. 351 and 368 are DENIED.

    The case is also before the Court on Defendant's most recent motion entitled "Rule 60(b)(6) Motion to Vacate the Sanction Order under the Miscarriage of Justice Exception, the 8th Amendment . . . and the First Amendment" (ECF No. 375). Lewis begins by claiming he has not received a final decision on his two prior motions for relief from judgment. *Id.* at PageID 2292. The first paragraph of this Decision and Order constitutes that decision.

Lewis then claims he is actually innocent of his 18 U.S.C. § 924(c) convictions but that the sanctions order (ECF No. 313) bars him from litigating his actual innocence claim in this Court, *Id.* at PageID 2294.  This he claims is a violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment both because it results in the incarceration of an innocent man and bars him from seeking relief in federal court.

In his Second Claim, Lewis asserts that the sanctions order, which directs the Magistrate Judge to strike any further motions under Rule 60 attacking the final judgment on Lewis's § 2255 Motion to Vacate, violates his right of access to the courts under the First Amendment. *Id.* at PageID 2295.

The Court's decision which Lewis refers to as the Sanctions Order is the Court's Decision and Order of April 26, 2018, which, in addition to denying Lewis's Seventeenth and Eighteenth Motions for Relief from Judgment found

> For almost seven years, this Court has patiently dealt with Lewis's attempts to overturn his conviction. It has dealt on the merits with each motion he has filed, explaining why he is not entitled to relief. On several occasions the Sixth Circuit Court of Appeals has done the same thing. At some point refiling the same arguments becomes an abuse of the judicial process and Lewis has reached that point.

*Id.* at PageID 2034-35.  Based on that finding, the Court imposed as a sanction under Rule 11 that the Magistrate Judge was to strike any further motions for relief from judgment without preparing a report and recommendations. *Id.* at PageID 2035.

The Sixth Circuit granted Lewis a certificate of appealability on the question "whether the district court abused its discretion as to the scope of its injunctive order." *Lewis v. United States,* Case Nos. 18-3434/3643/3645 (6th Cir. Apr. 26, 2019)(unpublished; copy at ECF No. 349, PageID 2127).  Later, without deciding that question, the Sixth Circuit vacated the certificate of

appealability for lack of jurisdiction because Lewis had not shown there was an underlying constitutional claim debatable among jurists of reason. *Lewis v. United States,* Case Nos. 18-3434/3643/3645 (6th Cir. Feb. 20, 2020)(unpublished; copy at ECF No. 356).

Lewis's current Motion seeks to litigate his actual innocence and claims that the Eighth and First Amendments create an exception to the Sanctions Order so as to allow him to litigate that claim. What is actually at issue is whether there is a First or Eighth Amendment exception to the requirement that a second or successive § 2255 motion must receive permission to proceed from the circuit court.

There is no such exception and Lewis cites no authority supporting such an exception. If every defendant claiming to be actually innocent in a second § 2255 motion could proceed without circuit court permission, the requirement for such permission would become a dead letter, defeated by printing the talismanic words "actually innocent" somewhere on the motion. Certainly the First Amendment right of petition includes access to the courts. But neither the Sixth Circuit nor the Supreme Court has ever held that this permits a district court to consider a second or successive § 2255 motion without circuit court permission. Lewis remains free to seek that permission as he has done unsuccessfully many times before, but in the absence of such permission, this Court cannot reach the merits of his actual innocence claim.

Accordingly, the instant Motion under Fed.R.Civ.P. 60(b)(6) is denied. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Furthermore, the Court finds the instant Motion is an attempted evasion of the Sanctions Order and hereby EXTENDS that Order to any further motions under Rule 60(b) seeking relief

from that Order.  The Magistrate Judge is authorized to strike any such motion without preparing a report and recommendations if, in his judgment, the motion does not present an issue over which this Court has jurisdiction and which is not governed by the law of the case.

September 14, 2020                                                                                    *s/Thomas M. Rose

                                                                                                                     Thomas M. Rose
                                                                                                United States District Judge