IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:08-cr-175
                                                   Also 3:11-cv-299

                                                   District Judge Thomas M. Rose
- vs -                                      Magistrate Judge Michael R. Merz

JEREMY LEWIS,

              Defendant.       :

## DECISION AND ORDER

This § 2255 case is before the Court on Defendant's appeal (ECF No. 385) from the order of the Magistrate Judge (ECF No. 384) striking Defendant's motion for relief from judgment under Fed.R.Civ.P. 60(b)(6) "to Vacate the Sanctions Order under the Miscarriage of Justice Exception.' (ECF No. 383.)

In striking the new motion for relief from judgment, the Magistrate Judge recited that he was acting:

> Pursuant to authority granted by District Judge Thomas M. Rose (ECF No. 376), the Magistrate Judge orders that the Motion be STRICKEN because, in his judgment, the motion does not present an issue over which this Court has jurisdiction and which is not governed by the law of the case.

(ECF No. 384.)

1

In his appeal, Lewis asserts "Clearly an 'actual innocence' claim is permitted to be brought as a 60(b)(6)." (Appeal, ECF No. 385, PageID 2342, citing *Harrison v. Richard*, 2017 U.S. App. LEXIS 23219 (6th Cir. 2017)[1]. Harrison was convicted of three counts of child rape and sentenced to life imprisonment. Harrison filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 which was denied in 2015, and the Sixth Circuit denied him a certificate of appealability. In 2016 he filed a 60(b) motion which the district court transferred to the circuit court for consideration under 28 U.S.C. § 2244(b). The Sixth Circuit

> denied Harrison's § 2244 motion insofar as his Rule 60(b) motion and his § 2244 motion reasserted the merits of his underlying habeas claims or raised new claims for relief. Insofar as Harrison's Rule 60(b) motion challenged the district court's finding that his claims were barred by an unexcused procedural default, this court denied Harrison's § 2244 motion as unnecessary and remanded the case to the district court for further proceedings. *In re Harrison*, No. 16-3213, 2016 U.S. App. LEXIS 23998 (6th Cir. Dec. 9, 2016)

*Id.* at *4. On remand the district court construed the 60(b) motions as raising claims under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Strickland v. Washington,* 466 U.S. 668 (1984), and dismissed them. The cited Order from the Sixth Circuit denied Harrison a certificate of appealability, holding:

> In his [*in forma pauperis*] motion, Harrison clarifies that he sought relief under Rule 60(b) based on his actual innocence, which we construe as a claim for relief under Rule 60(b)(6). Specifically, Harrison argues that the victim's medical report and social work records could have impeached the victim's trial testimony because, in those documents, the victim reported an inconsistent number of rapes. Harrison relies in part on *Schlup v. Delo,* 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), which held that a credible showing of actual innocence is sufficient to excuse a petitioner's

---

[1] Contrary to Lewis's claim, Harrison is not an opinion selected by the Sixth Circuit for publication in the Federal Reporter.

2

> procedural default of his constitutional claims. *Id.* at 316. However, newly discovered impeachment evidence "will seldom, if ever," establish a habeas petitioner's actual innocence. *Sawyer v. Whitley*, 505 U.S. 333, 349, 112 S. Ct. 2514, 120 L. Ed. 2d 269 (1992). Reasonable jurists could not disagree that the alleged inconsistencies in the child victim's recollection of the number of times Harrison raped her are insufficient to establish that "no reasonable juror would have found [Harrison] guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327.

*Harrison* at *6-7. Thus *Harrison* implicitly holds that actual innocence claims can be considered on an Fed.R.Civ.P. 60(b)(6) motion.

If this were Lewis's first 60(b) motion raising his actual innocence claim, the Court would consider it on the merits. But it is not. In entering the Sanctions Order under which the Magistrate Judge acted, the Court denied Lewis's Seventeenth and Eighteenth Rule 60(b) motions and found:

> For almost seven years, this Court has patiently dealt with Lewis's attempts to overturn his conviction. It has dealt on the merits with each motion he has filed, explaining why he is not entitled to relief. On several occasions the Sixth Circuit Court of Appeals has done the same thing. At some point refiling the same arguments becomes an abuse of the judicial process and Lewis has reached that point.

(Decision and Order, ECF No. 376 at PageID 2034-35.)

Since that Order on September 24, 2020, Lewis has filed a motion in the Sixth Circuit which that court construed as a second or successive § 2255 motion. *Lewis v. United States,* Case No. 11-4110. The gravamen of the motion was that "In actuality, however, Lewis seeks to raise a claim that he is actually innocent of violating § 924(c)" (Order of April 5, 2021, slip opinion at 4) (Copy at ECF No. 380, PageID 2328). The court found Lewis's claim did not satisfy the criteria for a second or successive § 2255 motion and denied him permission to proceed. Its Order concludes:

3

> This case represents at least the fourth time that Lewis has raised his Pinkerton claim in this court and the fifth time he has tried to collaterally attack his § 924(c) conviction. See Lewis v. United States, No. 20-3234 (6th Cir. May 20, 2020); Lewis v. United States, No. 18-3434 (6th Cir. Feb. 24, 2020); In re Lewis, No. 15-4349 (6th Cir. Apr. 5, 2016). He continues to waste court resources with repetitive and frivolous claims for relief from his convictions, with complete disregard to the requirements of § 2255(h). Consequently, Lewis must seek leave of court for any future filing in this court concerning the federal convictions he challenges here. The clerk is directed to forward any future successive motions for authorization filed by Lewis to a single judge for a ruling on whether leave to file should be granted.

*Id.* at slip opinion 3, PageID 2329.

Having reviewed the history of this case since the Sanctions Order was entered, the Court finds it has not sufficiently deterred Lewis from abuse of the judicial process. Although the Court concludes the Magistrate Judge committed no error in enforcing the Sanctions Order as he did, the Court finds it appropriate to replace the Sanctions Order with the remedy adopted by the Sixth Circuit.

Accordingly, it is hereby ORDERED that Lewis must seek and obtain leave of court before any further filing concerning the federal convictions at issue in this case.

November 18, 2021.

s/ *Thomas M. Rose*<br>United States District Judge

4