# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 3:08-cr-175
                                                Also 3:11-cv-299

                                                District Judge Thomas M. Rose
- vs -                                  Magistrate Judge Michael R. Merz

JEREMY LEWIS,

          Defendant.      :

## REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on Defendant's Motion for a permanent injunction under Fed.R.Civ.P. 65 enjoining the undersigned from transferring Defendant's post-conviction motions to the Sixth Circuit as second or successive § 2255 motions in asserted violation of the notice requirement imposed in *Castro v. United States*, 540 U.S. 375 (2003).

Motions for injunctive relief are "dispositive" within the meaning of 28 U.S.C. § 636(b)(1) requiring an assigned Magistrate Judge to file a report of proposed findings of fact and a recommended disposition on the referred matter.

Lewis has the holding in *Castro* backwards. There the Supreme Court held:

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provides the

> litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Castro v. United States*, 540 U.S. 375, 377 (2003). That is, when a federal criminal defendant files a post-conviction motion, however labeled, which seeks relief in the nature of the relief available on a motion to vacate under 28 U.S.C. § 2255, the district court may not treat it as a § 2255 motion without notifying the filer of the recharacterization. This will keep the filer from inadvertently using up the one opportunity he has to file a motion to vacate without obtaining circuit court permission under § 2255(f).

The undersigned has not violated the rule in *Castro* which applies only to forbid recharacterization of first-filed post-conviction motions without notice and an opportunity to withdraw. This Court has consistently denied post-conviction relief to Defendant for more than ten years (See, e.g., ECF No. 214). Defendant is not entitled to file further motions for relief from judgment, much less to receive notice under *Castro*.

Moreover, transferring a case to the Sixth Circuit for its decision on whether the case may proceed avoids having this Court act on a matter – a second or successive § 2255 motion – on which it has no subject matter jurisdiction. When the circuit court finds a transferred matter is not second or successive, it promptly remands the case to this Court, assuring that we do have jurisdiction.

Defendant's Motion for Permanent Injunction should be denied.

November 15, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

2

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #