# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :       Case No. 3:08-cr-175
                                               Also 3:11-cv-299

                                               District Judge Thomas M. Rose
   -  vs  -                                 Magistrate Judge Michael R. Merz

JEREMY LEWIS,

          Defendant.    :

## REPORT AND RECOMMENDATIONS

      This § 2255 case is before the Court on Defendant's Notice of Appeal (ECF No. 439) to the Sixth Circuit Court of Appeals from the Magistrate Judge's Notation Order (ECF No. 438) striking Defendant's Post Judgment Motion under Fed. R. Crim. P. 12 to dismiss the Indictment (ECF No. 437).

      Defendant's Notice of Appeal is not effective to transfer jurisdiction to the Sixth Circuit because he purports to appeal from an order which is not appealable to the circuit court. An order or report and recommendation entered by a magistrate judge is not final and appealable unless the magistrate judge has been given plenary jurisdiction by the district court and by the consent of the parties under 28 U.S.C. § 636(c)(1). *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984)(*per curiam*), cited with approval in *Sassower v. Mead Data Central*, 1992 U.S. App. LEXIS 2817 (6th

Cir., Feb. 24, 1992).  There has been no unanimous consent to magistrate judge plenary jurisdiction in this case and therefore no purported consent reference.  To the contrary, to obtain a final appealable order on the objected-to order to strike, Defendant must first appeal to District Judge Rose which he has not done.

If Judge Rose should come to enter a final appealable order on the Magistrate Judge's striking of Defendant's Fed. R. Crim. P. 12 Motion, he should at the same time deny Defendant a certificate of appealability.  See Rule 11 of the Rules Governing § 2255 Proceedings.  Based on the authority cited above, reasonable jurists would not disagree that the Magistrate Judge's notation order is not directly appealable to the circuit court.

Defendant has neither paid the filing fee required for a notice of appeal to the circuit court nor sought *in forma pauperis* status.  This Court should certify to the circuit court that the appeal is frivolous and should not be permitted to proceed *in forma pauperis*.

March 12, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.