# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :        Case No. 3:08-cr-175
                                                         Also 3:11-cv-299

                                                         District Judge Thomas M. Rose
    -  vs  -                                        Magistrate Judge Michael R. Merz

JEREMY LEWIS,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This § 2255 case is before the Court on Defendant's Objections (ECF No. 443) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 440) recommending that the District Court not grant a certificate of appealability regarding Defendant's attempted appeal to the Sixth Circuit from the Magistrate Judge's striking of his Notice of Appeal (ECF No. 439) to the Sixth Circuit from the Magistrate Judge's Notation Order (ECF No. 438) striking Defendant's Post Judgment Motion under Fed. R. Crim. P. 12 to dismiss the Indictment (ECF No. 437).  The Report further recommends that the District Court certify to the Sixth Circuit that the appeal is frivolous and should not be permitted to proceed *in forma pauperis*.  District Judge Rose has recommitted the case for consideration in light of the Objections (ECF No. 444).

1

Defendant Lewis has been repeatedly rebuffed by this Court and the Sixth Circuit in his attempts to have his 2010 conviction for armed bank robbery vacated.  Beginning with his August 23, 2011, Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124), Lewis has filed well over one hundred documents seeking to be relieved of his conviction.  None have had any merit, yet he has persisted.  On April 16, 2018, seven years ago, Judge Rose wrote:

> For almost seven years, this Court has patiently dealt with Lewis's attempts to overturn his conviction. It has dealt on the merits with each motion he has filed, explaining why he is not entitled to relief. On several occasions the Sixth Circuit Court of Appeals has done the same thing.  At some point refiling the same arguments becomes an abuse of the judicial process and Lewis has reached that point.
>
> In imposing sentence in this case, the Court did not impose a fine, in part because Lewis owed $1711.00 in restitution and was otherwise indigent. Imposing a fine that remains unpaid is unlikely to deter Lewis. The Court finds the proper sanction in this case is to deny Lewis any further opportunity to waste judicial time on his repeated arguments. Accordingly, Lewis is ORDERED not to file any further motions to obtain relief from judgment in this case and the Magistrate Judge is ordered to strike any such attempts without preparing a report and recommendations.

(ECF No. 313, PageID 2034-35).

Although Lewis has blatantly disobeyed the last sentence of this Order, the undersigned has obeyed the portion directed to him.  It was in obedience to that Order that Lewis's most recent filing was stricken.

Lewis then appealed, not to Judge Rose, but to the Sixth Circuit (ECF No. 439).  That Notice of Appeal was stricken because orders by Magistrate Judges in cases not referred under 28 U.S.C. § 636(c) are not appealable to the circuit court.  Petitioner's Objections are now before the Magistrate Judge after the recommittal.

Lewis's Fed. R. Crim. P. 12(b)(3) Motion was stricken in part becomes it comes within the class of motions Judge Rose has ordered the Magistrate Judge to strike; it is a motion seeking relief from the judgment. Additionally, however, it was stricken because motions to dismiss an indictment for failure to state an offense are required – by the very text of the rule -- to be brought before trial.

In his Objections, Lewis argues there is an exception for motions if their basis was not available at the time and claims that armed bank robbery under 18 U.S.C. § 2213(a) is not an offense of violence and was not available until the Supreme Court decided *United States v. Davis*, 588 U.S. 445 (June 24, 2019). He notes that Rule 12(b) motions not made within the time specified in the Rule are untimely, but untimely motions can be considered if the defendant shows good cause. Fed. R. Crim. P. 12(c)(3). Lewis's stated authority, *United States v. Edmond,* 815 F.3d 1032 (6th Cir. 2016), does not spell out any facts which would show good cause for a late filing; it merely states that review of a refusal to find good cause is under an abuse of discretion standard and find no abuse in the case before it.

Lewis's only suggested good cause in his Motion is that *United States v. Davis* was not decided until 2019 (ECF No. 437, PageID 2577). Even if that would excuse waiting until after *Davis* was decided, it would not excuse waiting until almost six years after the *Davis* decision.

**Conclusion**

The Magistrate Judge respectfully recommends that the District Court overrule Lewis's Objections, clarify that his instant Motion comes within the prior order to the Magistrate Judge to strike further attempts to obtain relief from judgment, deny a certificate of appealability, and certify

3

to the Sixth Circuit that any further appeal would be frivolous and should not be permitted to proceed *in forma pauperis*.

April 4, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #