# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,       :       Case No. 3:08-cr-175
                                                              Also 3:11-cv-299

                                                              District Judge Thomas M. Rose
      - vs -                                           Magistrate Judge Michael R. Merz

JEREMY LEWIS,

        Defendant.      :

---

**ENTRY AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (ECF NO. 440) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (ECF. NO. 445); OVERRULING THE OBJECTIONS TO REPORT AND RECOMMENDATIONS (ECF NO. 443), OBJECTIONS TO SUPPLEMENTAL REPORT AND RECOMMENDATION (ECF NO. 447), AND SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE R&R (ECF NO. 449); AND, DENYING CERTIFICATE OF APPEALABILITY**

---

This § 2255 case is before the Court on Defendant's Objections (ECF No. 447) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," ECF No. 445) and his Objections (ECF No. 443) to the Magistrate Judge's original Report and Recommendations (ECF No. 440), both recommending that the District Court not grant a certificate of appealability regarding Defendant's attempted appeal to the Sixth Circuit from the Magistrate Judge's striking of his Notice of Appeal (ECF No. 439) to the Sixth Circuit from the Magistrate Judge's Notation Order (ECF No. 438) striking Defendant's Post Judgment Motion

1

under Fed. R. Crim. P. 12 to dismiss the Indictment (ECF No. 437). The Report further recommends that the District Court certify to the Sixth Circuit that the appeal is frivolous and should not be permitted to proceed *in forma pauperis*. The Court recommitted the case for consideration in light of the first set of Objections (ECF No. 444).

The Sixth Circuit has now ruled that the Magistrate Judge's Order was not appealable to the Sixth Circuit without first appealing to the District Court. *United States v. Lewis*, Case No. 25-3163, Order of April 18, 2025 (copy at ECF No. 448). Based on that Order, Lewis's pending Objections (ECF Nos. 443 and 447) are moot. The Magistrate Judge's Report and Recommendations (ECF Nos. 440 and 445) are adopted.

Defendant Lewis has been repeatedly rebuffed by this Court and the Sixth Circuit in his attempts to have his 2010 conviction for armed bank robbery vacated. Beginning with his August 23, 2011, Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 124), Lewis has filed well over one hundred documents seeking to be relieved of his conviction. None have had any merit, yet he has persisted. On April 16, 2018, seven years ago, the Court wrote:

> For almost seven years, this Court has patiently dealt with Lewis's attempts to overturn his conviction. It has dealt on the merits with each motion he has filed, explaining why he is not entitled to relief. On several occasions the Sixth Circuit Court of Appeals has done the same thing. At some point refiling the same arguments becomes an abuse of the judicial process and Lewis has reached that point.
>
> In imposing sentence in this case, the Court did not impose a fine, in part because Lewis owed $1711.00 in restitution and was otherwise indigent. Imposing a fine that remains unpaid is unlikely to deter Lewis. The Court finds the proper sanction in this case is to deny Lewis any further opportunity to waste judicial time on his repeated arguments. Accordingly, Lewis is ORDERED not to file any further motions to obtain relief from judgment in this case and

2

> the Magistrate Judge is ordered to strike any such attempts without preparing a report and recommendations.

(ECF No. 313, PageID 2034-35).

Although Lewis has blatantly disobeyed the last sentence of this Order, the Magistrate Judge has obeyed the portion directed to him. It was in obedience to that Order that Lewis's most recent filing was stricken.

Lewis's Fed. R. Crim. P. 12(b)(3) Motion was stricken in part becomes it comes within the class of motions that the Magistrate Judge has been directed to strike. Plainly, it is a motion seeking relief from judgment. Additionally, however, it was stricken because motions to dismiss an indictment for failure to state an offense are required – by the very text of the rule -- to be brought before trial.

In his first set of Objections, Lewis argued there is an exception for motions if their basis was not available before trial and claims that armed bank robbery under 18 U.S.C. § 2213(a) is not an offense of violence, but that legal conclusion was not available until the Supreme Court decided *United States v. Davis*, 588 U.S. 445 (June 24, 2019). He notes that Rule 12(b) motions not made within the time specified in the Rule are untimely, but untimely motions can be considered if the defendant shows good cause. Fed. R. Crim. P. 12(c)(3). Lewis's stated authority, *United States v. Edmond,* 815 F.3d 1032 (6th Cir. 2016), does not spell out any facts which would show good cause for a late filing; it merely states that review of a refusal to find good cause is conducted under an abuse of discretion standard.

Lewis's only suggested good cause in his Motion is that *United States v. Davis* was not decided until 2019 (ECF No. 437, PageID 2577). Even if that would excuse waiting until after *Davis* was decided, it would not excuse waiting until almost six years after the *Davis* decision.

In his second set of Objections, Lewis noted that the Supreme Court decision on which he relies, *United States v. Davis*, 588 U.S. 445 (June 24, 2019), was not decided until almost nine years after he was convicted. That means *Davis* was not "reasonably available" as precedent at the time he agreed to plead guilty. Lewis points to the Advisory Committee notes to Rule 12(b)(3) which suggests a court may excuse an untimely filing if the basis for the motion was not reasonably available before trial. But it does not suggest the Court is required to do so, particularly in a case where a defendant waits until almost six years post-trial to make the motion.

Lewis also argues that *Davis* means he is "actually innocent" of armed bank robbery. In pleading guilty Lewis admitted the facts of his crime which were sufficient for conviction. "Actual innocence means factual innocence." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998).

Accordingly, all of Lewis's Objections (ECF Nos. 443, 447, 449) are **OVERRULED** and the Reports and Recommendations (ECF Nos. 440 and 445) of Magistrate Judge Merz are hereby **ADOPTED**. The Court confirms that Lewis's 12(b)(3) motion comes within the category of matters that the Court ordered the Magistrate Judge to strike and certifies to the Sixth Circuit that any appeal of this decision would be frivolous and should not be permitted to proceed *in forma pauperis*. The Court shall strike any future filing made by Lewis without seeking leave to submit such a filing. This is a **FINAL APPEALABLE ORDER**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, April 28, 2025.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE