# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

     Plaintiff,    :   Case No. 3:08-cr-00175

               District Judge Thomas M. Rose
               Magistrate Judge Michael R. Merz

JEREMY LEWIS,

     Defendant.    :

---

## ENTRY AND ORDER OVERRULING APPEAL TO DISTRICT JUDGE THOMAS ROSE OF MAGISTRATE JUDGE'S NOTATION ORDER DK # 472 DENYING LEWIS'S LEAVE OF COURT TO FILE A RULE 60(b)(6) (ECF NO. 473)

---

This criminal case is before the Court on Defendant's Appeal (ECF No. 473) from the Magistrate Judge's Notation Order denying leave to file another motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) (ECF No. 472).  Because the notation order was entered on a post-judgment motion, the Court reviews the Magistrate Judge's Order *de novo*.

Lewis claims he is entitled to file another Fed. R. Civ. P. 60(b)(6) motion to vacate his conviction under 18 U.S.C. § 924(c) because he is actually innocent of that charge.  Lewis was convicted of discharging a firearm in connection with a crime of violence, armed bank robbery, as defined in 18 U.S.C. § 2113.  Lewis argues that is not a crime of violence because the "force" elements of that statute are not divisible from "extortion," which can be committed non-violently

1

(ECF No. 469, PageID 2699). Lewis offers an extended argument on the basis of his reading of legislative history.

The Magistrate Judge denied Lewis leave to file, noting that "actual innocence" in habeas corpus jurisprudence means factual innocence, not legal innocence as could be shown by statutory interpretation (ECF No. 472, citing *Bousley v. United States,* 523 U.S. 614 (1998)).

Lewis appeals, arguing that *United States v. Davis*, 588 U.S. 445 (2019), made his predicate offense no longer a crime of violence (ECF No. 473, PageID 2708). In *Davis* the Supreme Court decided that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague.

On January 2, 2025, Lewis filed a motion captioned "Permission for Leave to File a Fed.R.Civ.P. 60(b)(6) Motion under the Actual Innocence/Miscarriage of Justice Exception to Reopen Time-Barred § 2255 Motion to Vacate." (ECF No. 435). Noting that Lewis required permission to file another 60(b)(6) motion, Magistrate Judge Merz denied permission, writing:

> However, Lewis has not made a showing of "factual innocence" as required by "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614 (1998). Instead, Lewis makes a claim of legal insufficiency, arguing this Court should follow recent precedent from the United States Court of Appeals for the D.C. Circuit, *United States v. Burwell*, 2024 U.S. App. 31086 (D.C. Cir. Dec. 9, 2024). Lewis claims his case is "clearly distinguishable" from *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016). Whether to follow its own precedent from *McBride* or adopt that of the D.C. Circuit is a question for the Sixth Circuit to decide. This Court must follow Sixth Circuit precedent as it stands.

(ECF No. 436, PageID 2569-70.) Lewis did not appeal that decision, so that ruling becomes the law of the case.

2

Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016) (Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

Lewis cites to *Witham v. United States*, 97 F.4th 1027 (6th Cir. 2024), but *Witham* does not address the issues raised by Lewis's Motion for Leave.

Thus, having considered *de novo* Lewis's Appeal (ECF No. 473) from the Magistrate Judge's Order, the Court finds it is not well taken and it is **OVERRULED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, May 5, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE