**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

UNITED STATES OF AMERICA,

Plaintiff, : Case No. 3:08-cr-00175

District Judge Thomas M. Rose
Magistrate Judge Michael R. Merz

JEREMY E. LEWIS,

Defendant. :

---

# ENTRY AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. NO. 478), OVERRULING DEFENDANT'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS (DOC. NO. 481), AND DENYING DEFENDANT'S MOTION FOR PAUPER STATUS (DOC. NO. 477)

---

This criminal case is before the Court on Defendant's Objections (Doc. No. 481) to the Magistrate Judge's Report and Recommendations (Doc. No. 478) recommending the Court deny Defendant's request for *in forma pauperis* status on appeal.[1]

The Magistrate Judge recommended denying Defendant's Motion for Pauper Status because:

> In his instant Motion for Pauper Status, Lewis seeks to raise on appeal the merits of his actual innocence claim. He does not address this Court's actual ruling that he is barred from doing so by the law

[1] On its face, Defendant's request appeared to be directed to the Sixth Circuit. However, that Court forwarded the *in forma pauperis* matter to this Court for our consideration in the first instance. (*See* Doc. No. 477-1.)

> of the case. Because he did not appeal when this Court ruled on the merits of his actual innocence claim, he is barred from doing so now by the law of the case doctrine.

(Doc. No. 478 at PageID 2738.)

Lewis objects that "actual innocence" excuses any procedural default, including the bar of the law of the case. However, he offers no authority for that proposition. While a colorable showing of actual innocence may excuse a procedural default in initially presenting a claim, the Court is unaware of any precedent suggesting it excuses a failure to appeal from a denial of an actual innocence claim on the merits. Assuming for the sake of argument that a § 2255 movant is entitled to one hearing on his claim that the statute no longer covers the conduct on which he was convicted, Lewis has had his hearing and failed to appeal from denial of his claim. Lewis asserts that the Supreme Court has applied the miscarriage of justice exception to allow successive petitions "including petitions asserting previous[ly] rejected claims." (Doc. No. 281 at PageID 2745.) However, he gives no examples and none are known to the Court.

Lewis relies on *Kilnapp v. City of Cleveland, Ohio,* 167 F.4th 909 (6th Cir. 2026), where Judge Moore wrote for the Court:

> We first address the preliminary matter of whether we are bound by the prior panel's decision pursuant to the law-of-the-case doctrine. Under that doctrine, "a court 'should not reconsider' a legal issue it 'resolved' at a prior stage of the same case." *Ermold v. Davis*, 130 F.4th 553, 559 (6th Cir. 2025) (quoting *Howe v. City of Akron*, 801 F.3d 718, 739 (6th Cir. 2015)). That is, "when the '*same* issue' is presented 'in the *same case*' to the '*same court*,' the '*same result*' should follow." *Id.* (quoting *Howe*, 801 F.3d at 739). In general, there are three exceptions to the law-of-the-case doctrine: "(1) where substantially different evidence is discovered between appeals, (2) where the controlling legal precedent changes between appeals, and (3) where a decision is clearly erroneous and would work a manifest injustice." *Id.* (internal citation and quotation marks omitted). The doctrine, however, "is not an inexorable

> command," *Kanuszewski v. Mich. Dep't of Health & Hum. Servs.*, 141 F.4th 796, 803 (6th Cir. 2025) (citation modified), and "we recognize that" the doctrine "is discretionary when applied to a coordinate court or the same court's own decisions," *Bowles v. Russell*, 432 F.3d 668, 677 (6th Cir. 2005) (citation omitted), *aff'd on other grounds*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007).

*Id.* at 917-18.

Thus, *Kilnapp* confirms recently what this Court has understood to be the law: this Court should follow its prior decisions in the same case unless one of the recognized exceptions applies. None of them apply here. Lewis has been given careful and extended attention to his claims and he is not entitled to renew them at will. To the extent that application of law of the case doctrine is discretionary, the Court determines it is appropriate to apply here.

Accordingly, the Magistrate Judge's Report and Recommendations (Doc. No. 478) is **ADOPTED**, Defendant's Objections to the Magistrate Judge's Report (Doc. No. 481) are **OVERRULED**, and Defendant's Motion for Pauper Status (Doc. No. 477) is **DENIED**. Out of an abundance of caution, the Court further **DENIES** Lewis a certificate of appealability on this issue, as reasonable jurists would not disagree with this conclusion

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 3, 2026.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE